Singer, Jr., *vs.* Scott.

---

GEORGE SINGER, JR., plaintiff in error, *vs.* JOHN M. SCOTT, defendant in error.

(BY TWO JUDGES.)—1. Where there were two suits pending between the same parties for the same cause of action, and the defendant makes a good cause for the continuance of the suit last brought, to-wit: that certain interrogatories sued out therein had not been returned :

*Held,* That it was error in the Court to refuse the continuance because the plaintiff had dismissed the suit first brought.

2. If pending a suit, another be brought against the same defendant for the same cause of action, the pendency of the first suit may be pleaded in abatement of the second, and the plaintiff cannot defeat the plea by dismissing the suit first brought. 27th February, 1872.

Evidence. Two suits for same cause of action. Before Judge HARRELL. Stewart Superior Court. October Term, 1871.

Scott filed an action of ejectment against Singer, and he pleaded the general issue. Pending that, he filed another against Scott for the same promises. To this one, Singer pleaded in abatement the pendency of the first. Singer sued out interrogatories in the first case, but they had not been returned to Court. When the first case was called Scott dismissed it. When the second was called Singer moved to

continue *it* because said interrogatories were not in. The Court refused the continuance solely upon the ground that they were not sued out for the second case. Singer then showed the pendency of the first suit when the second was begun, and moved to dismiss the second for that reason. The Court overruled the motion because the first had been dismissed. The case was tried, and Scott had a verdict. Singer moved for a new trial, upon the grounds that the Court erred in refusing the continuance, and to dismiss said second suit, and for other reasons touching said trial, which are immaterial. The new trial was refused, and error is assigned upon said grounds.

H. FIELDER; BEALL & TUCKER, for plaintiff in error.

J. L. WIMBERLY; B. S. WORRILL, for defendant.

McCAY, Judge.

1. Had the Court refused the continuance, on the ground that movant had not shown due diligence, we should not have thought his discretion abused. But, as appears by the record, the showing was held sufficient, and the continuance refused, solely on the ground that the interrogatories sued out had been, in one case, when the case called was another suit, between the same parties, for the same *cause of action*, and the plaintiff had seen fit to dismiss the first suit, after bringing the second. It would be rather onerous upon a party to require him, at his peril, to sue out two sets of interrogatories for the same witness, about the same matter, simply because the plaintiff sees fit to bring two suits instead of one. There can be but one legally pending, even if they be both brought at the same time, so that, under the Code, he may elect which he will proceed upon. The interrogatories taken in either ought to be evidence. They are upon the same matter, between the same parties. Full opportunity to cross exists, and it would be sticking in the bark, in-

deed, to say that they cannot be used in either case, accordingly, as the plaintiff may select either one as his action.

2. But these cases were not both brought at the same time. The first objection, as well as the entry on the declaration by the Clerk, which is an official entry, required by law, and is, therefore, evidence, shows that the case called and tried was brought when there was another suit for the same matter pending in the same Court, between the same parties. In such a case, the Code, section 2843, provides that the pendency of the first suit may be pleaded in abatement of the second. The record shows that this plea was filed. It would be making this provision of the Code a nullity to permit the plea to be evaded by dismissing the first suit after the plea was filed. It would be in effect to give the plaintiff the right to elect, when the statute declares that, though he may do this, if the suits be brought simultaneously, the plea of former suit pending is a good plea to the latter, if the two be brought at different times. Our Code fixes the period at which a suit is pending, to-wit: When the writ is filed in office: Code, sec. ......

We think the Court erred in both these points. Especially is this true as to his rulings in the defendant's plea, and on the plaintiff's right to circumvent it by dismissing his first suit. Judgment reversed.