## 9693. SAMPSON *v.* McRAE.

Where the pendency of a former suit in the same court between the same parties for the same cause of action was pleaded in abatement of an action, and the record of such a suit was introduced in evidence, and there was no entry of dismissal of the suit, the court was not authorized to allow counsel for the plaintiff, over objection of the defendant, to make an entry nunc pro tunc dismissing the former suit, as of a date prior to the filing of the second suit, although it was testified that before the filing of the second suit the plaintiff's attorney, in vacation, paid the costs of the former suit and directed the clerk of the court to mark it dismissed.

The court erred in directing a verdict against the plea in abatement.

DECIDED OCTOBER 16, 1918.

Action on bond; from city court of Thomasville—Judge W. H. Hammond. March 18, 1918.

*C. E. Hay,* for plaintiff in error.

*J. U. Merritt, W. J. MacIntyre,* contra.

WADE, C. J. In this case the defendant filed a plea in abatement, invoking the provisions of the Civil Code (1910), § 4331, and averring that a former suit between the same parties, having for its subject-matter the same cause of action, was still pending in the same court. He also filed an answer denying the material allegations of the plaintiff's petition. At the trial he introduced in evidence the pleadings in the first suit, in support of his plea in abatement. The plaintiff thereupon introduced evidence that prior to the filing of the second suit his attorney, in vacation, paid the accrued costs in the former suit, and directed the clerk to mark it dismissed, but that the clerk failed to do so, and no entry of dismissal was made by any one. Upon this showing the plaintiff's attorney moved to sign a withdrawal of the first suit and to date its dismissal as of a time prior to the filing of the second suit. The court granted this motion, over the objection of the defendant's counsel, and directed a verdict against the plea in abatement.

The cases were not brought at the same time. There was no official entry of dismissal as required by law on the pleadings in the first suit, and therefore, when the second suit was called for trial, another suit for the same cause was pending in the same court between the same parties. In such case the pendency of the first suit may be pleaded in abatement of the second (Civil Code, § 4331); and, the defendant having filed at the call of the second suit a plea invoking the provisions of this section of the code, to

permit the plea to be evaded by allowing the plaintiff's attorney to make and sign nunc pro tunc an entry of dismissal would render the statute nugatory. It would in effect give the plaintiff the right to elect, when the statute declares that, though he may do this if the suits be brought simultaneously, the plea of former suit pending is a good defense to the latter suit if the two be filed at different times. The court, therefore, erred in directing a verdict against the plea. *Singer* v. *Scott,* 44 *Ga.* 659 (2). See also, in this connection, *N., C. & St. L. Ry.* v. *Hubble,* 140 *Ga.* 368 (78 S. E. 919, L. R. A. 1915E, 1132); *L. & N. R. Co.* v. *Newman,* 132 *Ga.* 523 (64 S. E. 541, 26 L. R. A. (N. S.) 969).

        *Judgment reversed.*    *Jenkins and Luke, JJ., concur.*