CITIZENS AND CONTRACTORS BANK OF LITHONIA *v.*
JOHNSON *et al.*

No. 8634. AUGUST 9, 1932. REHEARING DENIED SEPTEMBER 21, 1932.

*C. N. Davie, L. S. Camp, J. F. Kemp,* and *Weekes & Candler,* for plaintiff in error.

*Mayson & Johnson, Scott Candler,* and *Hugh Burgess,* contra.

BECK, P. J.   This was an ejectment suit containing four demises. The first and third demises were stricken.   The second demise was in the name of W. M. Johnson, and the fourth in the name of G. M. Johnson.   The defendant is Citizens & Contractors Bank of Lithonia, formerly Lithonia Banking Company.   The jury returned a verdict in favor of the plaintiff.   The defendant made a motion for a new trial, which was overruled.

This suit was filed on April 5, 1929, and came on for hearing on December 2, 1930, and at that time a new demise was laid in the name of Mrs. Bessie Glenn Johnson.   Immediately thereafter the defendant filed a plea of pendency of former suit, and after a hearing the court directed a verdict against this plea, and the defendant excepted.   The case proceeded to trial, and resulted in a verdict in favor of the plaintiff, Mrs. Bessie Glenn Johnson, the jury finding that she was entitled to recover the property in question as well as $1750 as mesne profits.

The court erred in directing a verdict against the plea in abatement, based on the ground of the pendency of a former suit.   While there were other demises than that laid in the name of Mrs. Bessie Glenn Johnson, she was the plaintiff in whose favor the jury returned a verdict in the case, and the real defendant in error here. The former suit brought by Mrs. Johnson was for the same property involved in the present case.   That former suit was a statutory complaint for land, the same land as that involved in the present suit, and for mesne profits.   The Civil Code provides: "No suitor is entitled to prosecute two actions in the courts of this State at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times."   § 4331.   When the new demise was laid in the name of Mrs. Johnson, that was equivalent to the commencement of a new suit in her name.   Each demise appearing in the declaration is regarded as a distinct cause of action; and when the plaintiff introduces into his declaration a new cause of action, by laying a new demise, the suit, so far as the defendant's rights are

concerned, is to be regarded as commenced on the date when the amendment is made introducing a new demise. Powell on Actions for Land, 137. It was said, in *Pollard* v. *Tait,* 38 *Ga.* 439, that "When a new lessor of the plaintiff is introduced, by way of amendment to an action of ejectment, the case, as to that demise, is to be tried as though the action had not been commenced until the date of the amendment." While the plea in abatement in this case concludes with the prayer that the suit abate as the law provides, it was filed after the last demise was introduced, and its caption is "John Doe ex dem. Mrs. Bessie Glenn Johnson et al. *v.* Richard Roe, casual ejector, et al." And reading the entire plea in abatement, it shows that it was directed to the new suit made by the introduction of the demise in the name of Mrs. Johnson, and the court should have sustained it and stricken that last demise. That would not have dismissed the entire suit, but it would have removed from the case the real plaintiff in whose favor the verdict was returned. Mrs. Johnson was the prevailing party in the case. The case should have been tried in the name of the other parties plaintiff. In overruling the plea in abatement the judge passed the following order:

"The foregoing bill of exceptions pendente lite is hereby allowed and certified as true, with this additional statement: The case of Mrs. Bessie Glenn Johnson was filed some time after the case of John Doe ex dem., etc., *vs.* Richard Roe, Cas. Ejec., etc., and the number of the Bessie Glenn Johnson case was subsequent to the number of said John Doe case; and furthermore, when the plea in abatement was on trial the counsel for said John Doe ex dem., etc., announced that the said Bessie Glenn Johnson case was filed after the John Doe case, and asked the court to dismiss said case of Mrs. Bessie Glenn Johnson *v.* said Lithonia Banking Co., and this motion was considered by the court in his judgment on the plea in abatement and was afterwards embodied in a formal judgment dismissing said latter case, to wit: Mrs. Bessie Glenn Johnson *v.* Lithonia Banking Co." And it is insisted by counsel that in view of the agreement to dismiss the former case of Bessie Glenn Johnson, and the fact that the court considered the motion to dismiss the same in making up his judgment on the plea in abatement, and the further fact that he subsequently actually dismissed the former case, the court did not err in overruling the plea. The former

suit had not been actually dismissed when the plea in abatement was filed. In the case of *Singer* v. *Scott*, 44 *Ga.* 659, it was held: "If, pending a suit, another be brought against the same defendant for the same cause of action, the pendency of the first suit may be pleaded in abatement of the second, and the plaintiff can not defeat the plea by dismissing the suit first brought." And in *Hood* v. *Cooledge*, 39 *Ga. App.* 476 (147 S. E. 426), it was said: "The record shows that this plea was filed. It would be making this provision of the code a nullity to permit the plea to be evaded by dismissing the first suit after the plea was filed. It would be in effect to give the plaintiff the right to elect, when the statute declares that, though he may do this if the suits be brought simultaneously, the plea of former suit pending is a good plea to the latter if the two be brought at different times." In view of what is said above, it is unnecessary to pass upon the other assignments of error, as the case is remanded, and at the next trial it will be tried without the party in whose favor the verdict was returned at this trial.        *Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

BECK, P. J. In the motion for a rehearing it is recited by movants: "The court states that the defendants in error 'offered' to dismiss this amendment. This is not supported by the record, because therein it *clearly, distinctly,* and repeatedly appears that this amendment *was stricken* by *order of court.*" In certifying the bill of exceptions pendente lite the court made this additional statement: "The case of Mrs. Bessie Glenn Johnson was filed some time after the case of John Doe ex. dem., etc., *vs.* Richard Roe, cas. ejec., etc., and the number of the Bessie Glenn Johnson case was subsequent to the number of said John Doe case; and furthermore, when the plea in abatement was on trial, the counsel for said John Doe ex. dem., etc., announced that the said Bessie Glenn Johnson case was filed after the John Doe case, and asked the court to dismiss said case of Mrs. Bessie Glenn Johnson *vs.* said Lithonia Banking Co., and this motion was considered by the court in his judgment on the plea in abatement and was afterwards embodied in a formal judgment dismissing said latter case, to wit: Mrs. Bessie Glenn Johnson *v.* Lithonia Banking Co." We understand from this that the court here refers to the statutory action for land of Mrs. Bessie Glenn Johnson against the Lithonia Banking Company.

The court says that at the trial "the counsel for said John Doe ex. dem., etc., announced that the said Bessie Glenn Johnson case was filed after the John Doe case, and asked the court to dismiss said case of Mrs. Bessie Glenn Johnson *vs.* said Lithonia Banking Co." And this court said that "the parties plaintiff offered to dismiss the action of complaint for land." This expression is in the headnote, and substantially the same thing is said in the opinion. It is not said in the opinion that the defendants in error "offered to dismiss this amendment," that is, the demise added by amendment; but, as we have said, the offer or motion was, as appears from the statement of the judge, to dismiss the statutory action of Mrs. Bessie Glenn Johnson *v.* Lithonia Banking Co. We do not see anything said in the opinion that is not fully borne out by the record. *Rehearing denied.*