## 48376. TERRELL v. GRIFFITH.

QUILLIAN, Judge. Dora A. Griffith entered into a lease agreement with Myrtis L. Terrell for a term of from March 15, 1972 until March 14, 1977. The agreement provided: "Tenant agrees to pay landlord, by payments to the Fulton National Bank, agent of landlord, who negotiated this lease, at office of agent in Atlanta, Georgia, promptly on the first day of each month in advance, during the term of this lease, a monthly rental of seventy-five dollars ($75) for the period of March 15, 1972, to March 14, 1973; one hundred dollars ($100) from March 15, 1973, to March 14, 1974; one hundred twenty-five dollars ($125) from March 15, 1974, to March 14, 1977." The defendant Myrtis Terrell fell behind in her payments and on December 19, 1972, the plaintiff Dora A. Griffith brought a dispossessory warrant predicated on the non-

payment of rent. The defendant appeared within seven days as required by the summons and filed an answer in which the material allegations of the complaint were denied and also tendered into court the sum of $575, the amount of rent alleged to be owed. This was case C-23228 in the State Court of DeKalb County.

Subsequently, on January 5, 1973 the plaintiff wrote the defendant contending that the rent owed on January 1, 1973 had not been paid and requesting payment by January 10, 1973. On January 12, 1973 the plaintiff wrote demanding that, since payment had not been made, the defendant surrender possession to the plaintiff. A dispossessory warrant was brought on January 15, 1973, also predicated on nonpayment of rent plus violation of the lease agreement and a holding-over beyond the term of the lease agreement which was served upon the plaintiff on January 16, 1973. This was case C-24093 in the State Court of DeKalb County.

In C-23228 the defendant moved to dismiss the suit on the grounds that Code Ann. § 61-302 (b) (Ga. L. 1970, pp. 968, 969; 1971, p. 536) had not been complied with. This motion was overruled by the trial judge and no error is assigned on such ruling in this court.

As cited by defendant's counsel in the brief on March 6, 1973, he tendered to the plaintiff's attorney on the defendant's behalf a check for $10 representing the costs of court for the warrant in C-23228. On March 12, 1973, the cases came on for a jury trial. In the answer to case C-24093, the defendant raised the issue that there was already pending in the court the other action C-23228 in the same style as the instant case and based upon identical causes of action. This issue was argued before the trial judge who overruled the defendant's motion to dismiss the second dispossessory warrant and ruled that the first could be considered solely for the purpose of a determination of whether the requirements of Code Ann. § 61-309 (Ga. L. 1970, pp. 968, 972) had been met. During the trial the plaintiff introduced letters of October 2, 1972, October 25, 1972, and December 6, 1972, which noted the defendant's delinquent status insofar as payment of the rent was concerned and requested payment of the same. The last letter stated unless full payment was received "we will turn this matter over to our attorneys for legal action." At the close of the evidence the trial judge directed a verdict in favor of the plaintiff and against the defendant. Appeal was taken from the judgment rendered on such verdict. *Held:*

Code § 3-601 states: "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former shall be a good defense to the latter, if commenced at different times." In construing this section the appellate courts have uniformly held that one may not elect to dismiss his first suit where two suits based on the same cause of action were filed at separate times. Once a plea raising the issue of pendency of another suit is filed it then becomes too late for the party to elect which proceeding he chooses. *Sampson v. McRae,* 22 Ga. App. 703, 704 (97 SE 98); *Wilson v. Atlanta, K. & N. R. Co.,* 115 Ga. 171, 175 (41 SE 699); *Citizens &c. Bank of Lithonia v. Johnson,* 175 Ga. 559, 562 (165 SE 579).

Under Code Ann. § 61-309: "In an action for nonpayment of rent, the tenant shall be allowed to tender, within seven days of the day the tenant was served with the summons pursuant to section 61-302, to the landlord all rents allegedly owed plus the cost of the dispossessory warrant. Such a tender shall be a complete defense to the action: Provided, however, that a landlord is required to accept such a tender from any individual tenant after the issuance of a dispossessory summons only once in any 12-month period." Ga. L. 1970, pp. 968, 972.

In the case sub judice the tenant within seven days after service tendered all rent due. However, she failed to tender the amount of the cost of the dispossessory warrant. Hence, the defendant did not have a complete defense so as to bar the action and the first dispossessory warrant proceeding was still pending.

Under the authority cited above, the pendency of the first proceeding was a good defense to the second proceeding.

Prerequisite to the right to seek a dispossessory warrant is a demand for possession of property by the landlord. Code § 61-301. As held in *Broadwell v. Maxwell,* 30 Ga. App. 738 (1) (119 SE 344); *Bussell v. Swift,* 50 Ga. App. 148 (177 SE 277), a demand upon the tenant to deliver possession to the landlord is a condition precedent to the right of the landlord to dispossess. Here, there was evidence establishing a demand after the commencement of the first dispossessory proceeding. But there was no evidence sufficient to require a finding that a demand was made prior to the commencement of the action. In such circumstances a directed verdict in favor of the plaintiff was not proper.

The trial judge erred in granting plaintiff's motion for directed verdict.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*
ARGUED JULY 3, 1973 — DECIDED SEPTEMBER 18, 1973.

*Kenneth G. Levin,* for appellant.