## 32016. DOUGLAS et al. v. DOUGLAS.

HALL, Justice.

This proceeding is based on the second complaint filed on behalf of an alleged incompetent, Mrs. Douglas, by her next friend. The relief sought is the cancellation of two deeds allegedly executed by Mrs. Douglas during her incompetency; the removal of Mrs. Douglas' son as guardian because his interests are adverse to hers and because of his alleged breach of trust in handling her estate; and an accounting of her estate. The defendants, appellants here, are Mrs. Douglas' children and purchasers of the property deeded to such children.

In an earlier suit, Mrs. Douglas, by her next friend, brought an action against these same defendants seeking only the cancellation of the two deeds. In that case, defendants' motion for judgment on the pleadings was sustained and the complaint was dismissed because the action was brought by Mrs. Douglas' next friend against her legal guardian, yet the prayer for relief did not seek the removal of the guardian. This judgment did not specify whether the dismissal was without prejudice.

In the second case, the defendants-appellants pled

res judicata based on the first suit. The trial court denied the plea, holding that res judicata was not applicable because the prior adjudication was not on the merits. We agreed to hear this interlocutory appeal, urging that the earlier dismissal was an adjudication on the merits.

As a general rule, an involuntary dismissal under Code Ann. § 81A-141 (b), and any involuntary dismissal not provided for in that section other than a dismissal for lack of jurisdiction or improper venue or for lack of an indispensable party, operates as an adjudication upon the merits unless the court in its order of dismissal states that it is without prejudice. *Jernigan v. Collier,* 234 Ga. 837 (218 SE2d 556) (1975); *Jernigan v. Collier,* 131 Ga. App. 162 (205 SE2d 450) (1974).

"The court may always specify that a dismissal is without prejudice. This creates no problem and a second suit is not barred. The court may, in appropriate circumstances, provide that the dismissal is without prejudice with regard to a part of the claim though with prejudice on another part. . . Indeed one of the most useful features of the rule is that it gives the court discretion about the effect of a dismissal and provides what the effect will be if the court fails to specify. The decision of the trial court to dismiss with prejudice may be reviewed on appeal and the dismissal ordered to be without prejudice." 9 Wright & Miller, Federal Practice and Procedure: Civil § 2373, p. 233 (1971).

Thus, usually an involuntary dismissal without any qualification in the order is with prejudice and bars a subsequent suit between the same parties or their privies on the same claim. A dismissal without prejudice, although a final termination of the first suit, does not bar a second suit.

In Costello v. United States, 365 U. S. 265 (1961) the Supreme Court refused to give a literal reading to Rule 41(b) of the Federal Rules of Civil Procedure. The Court held that the exceptions (lack of jurisdiction, improper venue and lack of an indispensable party) refer to "those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the court's going forward to determine the merits of his substantive claim." 365 U. S. at 285. "In the light of the Costello decision,

courts have recognized that Rule 41(b) does not apply in situations in which a case is dismissed because of some initial bar to reaching the merits of the plaintiff's claims, such as that plaintiffs failed to give bond for costs. On a similar principle it has been held that dismissals that do not reach the merits as for want of jurisdiction or because the action was premature or it was brought by the wrong plaintiff must be without prejudice." Wright & Miller, supra, at p. 237.

We hold therefore that the previous dismissal, which was based upon the fact that the suit was brought by one designating himself as next friend against Mrs. Douglas' legal guardian whose removal was not sought, is one in which the merits could not have been reached because of the failure of the plaintiff to satisfy a precondition, and the dismissal was accordingly without prejudice.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 17, 1977 — DECIDED MARCH 2, 1977.

*Smith & Harrington, Will Ed Smith,* for appellants.
*Morris S. Robertson,* for appellee.