## 55606. LAWRENCE et al. v. WHITTLE et al.

SHULMAN, Judge.

Appellee Whittle brought suit against appellant Lawrence for wrongful death. Whittle named the widow of the deceased as an involuntary plaintiff, and the Continental Insurance Company filed an answer and motion to dismiss under the provisions of Code Ann. § 56-407.1(d). For purposes of simplicity, appellee Whittle shall hereinafter be referred to as "appellee." The widow, whom appellee attempted to join as an involuntary plaintiff, is not represented in this appeal. This interlocutory appeal is from the denial of appellants' motions to dismiss.

1. After the application for interlocutory review was approved and appellants' notice of appeal filed, appellee filed a notice of dismissal of her case in the lower court pursuant to Code Ann. § 81A-141 (a). The filing of the notice of dismissal raises the question of whether this appeal should be dismissed as moot. See Code Ann. § 6-809 (b).

In January 1975, in *Turner v. Harper,* 233 Ga. 483 (211 SE2d 742), in which case proceedings in the lower court during the pendency of an interlocutory appeal rendered the appeal moot, the Supreme Court dismissed the appeal, holding that the automatic supersedeas provisions of Code Ann. § 6-1002 applied only to final judgments. Therefore, an appellant who wished a supersedeas in an interlocutory appeal would have to apply for one to the trial court or to the appellate court.

Subsequent to the decision in *Turner,* the General Assembly, in its 1975 session, amended Code Ann. § 6-701 by striking subsection (a) 2 thereof and replacing it with a much expanded provision for the procedure on interlocutory appeals. One of the features introduced by the amendment is embodied in the last sentence of § 6-701 (a) 2 (B): "Such notice of appeal shall act as a supersedeas as provided in section 6-1002 and the procedure thereafter shall be the same as in an appeal from a final judgment." It appears, then, that the holding in *Turner* has been superseded by the 1975 amendment to Code Ann. § 6-701.

2. Having established that the filing of a notice of appeal acts as a supersedeas even in an interlocutory appeal, we must decide whether the supersedeas would prevent appellee from dismissing the action without a court order. We hold that it does.

The provision in Code Ann. § 6-701 (a) 2 (B) that ". . . the procedure [after the filing of the notice of appeal] shall be the same as in an appeal from a final judgment," indicates a legislative intent that, after filing the notice of appeal, the status quo is to be maintained just as it would be if the appeal were from a final judgment. We view that language as a mandate that, once supersedeas attaches, the interlocutory order shall have the same procedural status and dignity as a final judgment. Cf., *Jones v. Burton,* 238 Ga. 394 (233 SE2d 367), wherein the announcement of judgment was treated as equivalent to verdict, cutting off the right to voluntarily dismiss. Since Code Ann. § 81A-141 (a) would not permit a plaintiff-appellee to dismiss his case while a final judgment in his favor was on appeal, thereby robbing the defendant-appellant of an opportunity to seek reversal of the judgment, we hold that it would not permit a plaintiff-appellee to do so in an interlocutory context.

3. Dale Whittle, ex-wife of Jerry Hayes, brought this action as next friend of her daughter, Kelly Lynn Hayes, for the wrongful death of Kelly's father, Jerry Hayes. Recognizing that the wrongful death statute (Code Ann. § 105-1302) vests the right of action in the widow, appellee named as involuntary plaintiff Mary Florence Hayes, Jerry Hayes' second wife and widow. Appellants filed motions to dismiss, contending that the plaintiff had no standing to maintain the action.

From the language of Code Ann. § 105-1302, it is clear that the cause of action for wrongful death of a husband vests in the widow: "A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent . . ." It is equally clear from case law that the children have no right to sue so long as the widow is in life (*Bloodworth v. Jones,* 191 Ga. 193 (11 SE2d 658)), and that is so even if the widow's refusal to bring the suit is fraudulent. *Odom v. Atlanta & W. P. R. Co.,* 78 Ga. App. 477 (51 SE2d 466). The widow of Jerry

Hayes is still in life and the right of action involved here can be asserted only by her.

Appellee's position is not made stronger by the attempt to join the widow as an involuntary plaintiff under Code Ann. § 81A-119 (a). Although the situation seems not to have been confronted by a Georgia court before, we find a federal court case construing Rule 19 (a) of the Federal Rules of Civil Procedure (on which rules our CPA is based) to be highly persuasive.

In Coast v. Hunt Oil Co., 195 F2d 870 (5th Cir. 1952), Coast, holder of a minority interest in a partnership, brought an anti-trust action. The court ruled that, under Louisiana law, the partnership owned the cause of action. Because the controlling partner refused to bring the suit in the partnership's name, Coast attempted to join the partnership as an involuntary plaintiff. The court disallowed the attempted joinder, holding, "The difficulty is that the plaintiff himself has no standing, joint or otherwise, to maintain this action. Rule 19 (a) . . . relates to *joinder* of parties, it permits a plaintiff under proper circumstances to require another person or persons to *join* with him, but it makes no provision for a plaintiff to require another person to maintain an action vested solely in such other person, even though its maintenance might result in benefit to the plaintiff. In speaking of the application of this rule as to joinder of a party as 'involuntary plaintiff', Professor Moore says, 'The doctrine can properly be applied only where there is such a relationship that the absent party must allow the use of his name as plaintiff,' 3 Moore's Federal Practice (2d Ed.) page 2149." Id., p. 872.

Just as Coast had no standing to bring the action in the first place, neither Kelly Lynn Hayes nor her mother could bring the suit involved here. We find the interpretation of the joinder provisions set out in the quote above to be correct and hold that the attempted joinder of Mary Florence Hayes was, therefore, a nullity.

Since the action for the wrongful death of Jerry Hayes can be asserted only by Mary Florence Hayes, who could not be involuntarily joined in the way appellee attempted, the trial court erred in denying appellants' motions to dismiss.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

Argued April 10, 1978 — Decided July 13, 1978.

*Swift, Currie, McGhee & Hiers, Samuel P. Pierce,* for appellants.

*George Pennebaker,* for appellees.