## 34635. STEELE v. STEELE.

BOWLES, Justice.

The parties were granted a total divorce on October 16, 1975. On September 19, 1978, plaintiff-appellee Josephine Steele filed an equitable complaint in Fulton Superior Court, asking the court to set aside the 1975 divorce judgment because of false and fraudulent representations made by defendant-appellant Leslie Steele prior to the property settlement. Appellee also sought an award of damages.

On October 9, 1978, appellee filed an equitable complaint in DeKalb Superior Court, again asking that the provisions of the 1975 divorce decree relating to the issues of alimony and division of property be set aside. In this complaint appellee acknowledged that a similar action was pending in Fulton Superior Court, but stated that it was separate and distinct.

Appellant filed a motion to dismiss the DeKalb County complaint, alleging that appellee was attempting to sue in two separate cases at the same time on the same cause of action in violation of Code Ann. § 3-601, which

provides: "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former shall be a good defense to the latter if commenced at different times."

Appellant's motion to dismiss was denied. He filed an application for interlocutory appeal, which was granted by this court on December 13, 1978.

After the application for interlocutory review was approved and appellant's notice of appeal filed, appellee filed a notice of voluntary dismissal without prejudice in both actions. Appellant argues that the attachment of a supersedeas to the interlocutory appeal cuts off the right to voluntarily dismiss. *Lawrence v. Whittle,* 146 Ga. App. 686 (247 SE2d 212) (1978).

1. We agree with appellant's contentions. Under Code Ann. § 6-701, the filing of a notice of interlocutory appeal acts as supersedeas so as to prevent a plaintiff from dismissing his case while any issue is on appeal. Code Ann. § 81A-141 (a). To hold otherwise would subject an appellant to additional costs and possible harassment by an appellee who dismissed his pending suit when faced with reversal on interlocutory appeal. An appellee could then refile his lawsuit, and require appellant to again bring an appeal. Just as Code Ann. § 81A-141 (a) prevents such actions where appeal is taken from a final judgment, so too it applies in instances of appeal from interlocutory rulings.

2. Under Code Ann. § 3-601, if two suits are filed at different times each for the same cause and against the same party, the pendency of the first shall be a good defense to the latter. The effect of the defense cannot be avoided even by a dismissal of the first suit. *Singer v. Scott,* 44 Ga. 659 (1872); *McPeake v. Colley,* 116 Ga. App. 320 (157 SE2d 562) (1967); *Harbin Lumber Co. v. Fowler,* 137 Ga. App. 90 (222 SE2d 878) (1975). See also: *Cooper v. Public Finance Corp.,* 146 Ga. App. 250 (246 SE2d 684) (1978).

We have reviewed the record in this case and find that the suits filed by appellee were based on the same

cause of action, and were against the same party. The relief requested in each suit arises from the same set of facts. The same evidence would apply to each action. Therefore, the Fulton County suit would operate as a complete defense to the DeKalb County suit. The trial court erred in failing to grant appellant's motion to dismiss the DeKalb County suit.

*Judgment reversed. All the Justices concur, except Hall and Hill, JJ., who concur in the judgment only.*

ARGUED MARCH 13, 1979 — DECIDED APRIL 17, 1979.

*Harmon, Smith & Bridges, Archer D. Smith, III, John M. Leiter,* for appellant.
*Paul R. Koehler,* for appellee.

HILL, Justice, concurring specially.
I would add that the order of dismissal should specify that it does not constitute an adjudication upon the merits, in order to avoid its having such effect under Code Ann. § 81A-141(b). See *Douglas v. Douglas,* 238 Ga. 452 (233 SE2d 195) (1977).