654 F.2d 380
 Betty S. McMAHAN, as Widow of Paul Nathan McMahan, Decedent,
Plaintiff-Appellee,
v.
KOPPERS COMPANY, INC., Defendant-Appellee,
v.
Floy Inez POULOS, as next friend and natural guardian of
Michael E. Poulos, Movant for Intervention-Appellant.
 No. 80-7911.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 Aug. 28, 1981.
 James L. Ford, Atlanta, Ga., for movant for intervention-appellant.
 J. Alex Rue, Atlanta, Ga., for McMahan.
 Daryll Love, Allen Willingham, Atlanta, Ga., for Koppers.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before HILL, FAY and HENDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Floy Inez Poulos appeals from the denial of her motion to intervene in an action brought by Betty S. McMahan against Koppers Company, Inc. (hereinafter referred to as "Koppers") for the wrongful death of her husband, Paul Nathan McMahan. We affirm, but for reasons other than those articulated by the district court.
 
 
 2
 Poulos claims that Paul McMahan was the natural father of her son, Michael E. Poulos. She therefore contends that Michael is entitled to a portion of any recovery obtained by Mrs. McMahan in her suit against Koppers. This assertion forms the basis of her motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. The district court's denial of the motion seems to be premised on its conclusion that Poulos would be unable to demonstrate Michael's entitlement to a share of any potential recovery. The court noted that, since Michael was born during Poulos' marriage to Perry Jensen, he is presumed under Georgia law to be Jensen's legitimate child. See Ga.Code Ann. § 74-101. However, in deciding this appeal we need not, and do not, express any opinion as to Poulos' ability to succeed ultimately in establishing Michael's right to a portion of the proceeds from the wrongful death action.
 
 
 3
 We are persuaded instead by Koppers' argument that the widow has the exclusive right under Georgia law to institute the wrongful death action. See Ga.Code Ann. § 105-1302; Lawrence v. Whittle, 146 Ga.App. 686, 247 S.E.2d 212 (1978). The sole measure of damages is the full value of the life of the decedent, Ga.Code Ann. § 105-1302, regardless of the number of surviving children.[1] Also, according to Georgia law, Mrs. McMahan is bound to hold any funds recovered for the benefit of the children of the deceased. See Ga.Code Ann. § 105-1304; Boggan v. Boggan, 145 Ga.App. 401, 243 S.E.2d 664 (1978). She may even settle the action without their consent, but must still retain the proceeds subject to their rights. Ga.Code Ann. § 105-1302.
 
 
 4
 Under these circumstances, Michael's interests are adequately protected by the existing parties to the litigation. See Watkins v. United States, 462 F.Supp. 980 (S.D.Ga.1979).
 
 
 5
 For the foregoing reasons, the order of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This case is thus distinguishable from Smith v. Clark Sherwood Oil Field Contractors, 547 F.2d 1339 (5th Cir. 1972), where under similar circumstances a panel of this court allowed intervention in a suit brought pursuant to the Jones Act because the amount of recovery was dependent on the particular situation of each individual child