62995. BOULDIN v. ARAGONA-GARCIA ENTERPRISES, INC. et al.

SHULMAN, Presiding Judge.
Appellees owned the building in which appellant, an attorney, leased office space. When appellant became three months'

delinquent in his rental payments and refused to pay what was due, appellees notified him that the lease had been terminated for nonpayment and requested him to vacate the premises. Appellant continued to occupy the office space for another month (August 1980). On August 8, 1980, appellees brought a proceeding against appellant as a tenant holding over. In October, appellees filed this suit against appellant, seeking as damages the unpaid rent, one month's fair rental value of the premises, attorney fees and costs. Appellees voluntarily dismissed the tenant holding over action in December 1980. In March 1981, after the appearance of this action on the trial calendar, appellant moved to dismiss the case due to the prior pendency of the tenant holding over action. The trial court denied the motion and tried the case without a jury. During the course of the trial, appellant's motion for a directed verdict was denied, and thereafter judgment for appellees in the amount of $1,036.02 was entered. Appellant now urges that the trial court erred when it denied his motions to dismiss and for a directed verdict.

1. In order for the pendency of a suit to act as a defense to a second suit on the same cause filed by the same suitor against the same party, the first suit must be *pending. Swanson v. Holloway,* 128 Ga. App. 453 (197 SE2d 150). See also *McLanahan v. Keith,* 239 Ga. 94 (236 SE2d 52). Assuming arguendo that the two cases against appellant were filed on the same cause, when appellant used pendency as the basis of his March 1981 motion, there was no other *pending* suit since appellees had voluntarily dismissed their first suit against appellant in December 1980. Thus, the trial court did not err when it denied appellant's motion to dismiss. *Steele v. Steele,* 243 Ga. 522 (255 SE2d 43), relied on by appellant, is distinguishable. It is when a plaintiff voluntarily dismisses the first suit against a defendant *after* that defendant has pled pendency as a defense to a second suit that "[t]he effect of the defense cannot be avoided even by dismissal of the first suit." *Steele v. Steele,* supra, p. 523; *Singer v. Scott,* 44 Ga. 659.

2. The trial court was also correct when it denied appellant's motion for a directed verdict. That motion was based on appellant's statement in his place at trial that appellee Aragona-Garcia Enterprises, Inc. (hereinafter "Aragona-Garcia"), was a foreign corporation not registered to do business in Georgia. Other than appellant's statement, the record contains no evidence as to whether appellee Aragona-Garcia had, or was required to have, a certificate of authority pursuant to Code Ann. § 22-1401.

A defendant in a suit filed by a corporation may, by motion made prior to judgment, challenge the capacity of the corporation to sue.

Code Ann. § 22-1421 (c). Thus, appellant's motion raising the issue whether Aragona-Garcia possessed a certificate of authority as required by Code Ann. § 22-1401 (thereby raising the issue of that corporation's capacity to sue) was timely.

3. Although timely, appellant's motion was both procedurally incorrect and insufficiently supported. "In a non-jury case, it is procedurally incorrect to move for a directed verdict; and such a motion . . . will be construed as one for involuntary dismissal under [Code Ann. § 81A-141 (b)]. [Cit.]" *Kennery v. Mosteller,* 133 Ga. App. 879, 880 (212 SE2d 447). As is the case with any motion, the burden of proof is on the movant. Appellant having failed to prove that appellee Aragona-Garcia did not possess a certificate of authority which it was required to have, the trial court did not err in denying appellant's motion. Contrary to appellant's assertion, the trial court's denial of appellees' motion for reimbursement of expenses under Code Ann. § 81A-137 (c) is not evidence that appellee Aragona-Garcia did not have a certificate of authority. Rather, it is the trial court's recognition of a possible motive for appellant's failure to respond to appellees' requests for admissions.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 24, 1982.

*Jay W. Bouldin,* for appellant.
*Thomas Hal Clark, Jr.* for appellees.