## 73548. GREENHILL v. ALLEN et al.
(352 SE2d 845)

SOGNIER, Judge.

Robert G. and Dean Allen brought dispossessory proceedings against Roy Greenhill, Sr., which Greenhill contested. The trial court granted the Allens' motion for partial summary judgment on the issue of possession and Greenhill appeals.

1. Appellees' motion to dismiss is denied.

2. Appellant contends the trial court erred by granting possession of the premises to appellees as a matter of law because pursuant to OCGA § 44-7-52 a complete defense to the dispossessory action had been presented in appellant's answer. OCGA § 44-7-52 provides that "[i]n an action for nonpayment of rent, the tenant shall be allowed to tender to the landlord, within seven days of the day the tenant was served with the summons pursuant to Code Section 44-7-51, all rents allegedly owed plus the cost of the dispossessory warrant. Such a tender shall be a complete defense to the action." In his answer, filed on the seventh day after service, appellant alleged that two days previously appellees had refused to accept a "cash wire" offered in the amount(s) of $850 or $1,700. The record reveals that the monthly rental for the leased premises was $850, which was due on the first day of each month, and that only February rent was due and unpaid when the answer was filed.

We agree with appellant that the record shows he presented a complete defense to appellee's action under OCGA § 44-7-52. We are not persuaded by appellees' argument that because the tender was in multiples of the $850 monthly rental, no portion of it could cover court costs without rendering future rent payments insufficient. Future rent payments were not then due and owing, and appellant was not required to tender them. Further, although there is no competent evidence in the record before us as to the actual cost of the warrant, it is inconceivable that a tender of $1,700 would not cover both the $850 rent then past due and the cost of the warrant. For that reason, appellant's tender met the requirements of OCGA § 44-7-52 and was a complete defense to the dispossessory action. *Terrell v. Griffith*, 129 Ga. App. 675 (200 SE2d 485) (1973), cited by appellees, is distinguishable in that the only tender made by the tenant in *Terrell* was for the precise amount of rent past due. Here, both appellant and appellees admit appellant tendered an amount $850 greater than the amount required as rent by OCGA § 44-7-52. Appellees' affidavits are silent as to when this tender was made and thus there is no evidence to contradict appellant's allegation that the tender was timely.

Since the evidence proffered by appellees in support of their motion for summary judgment failed to pierce appellant's defensive pleadings, appellant was under no duty to respond to the motion. See *Sun First Nat. Bank v. Gainesville 75*, 155 Ga. App. 70, 74 (270 SE2d 293) (1980). The trial court thus erred by granting possession to appellees as a matter of law on their motion for partial summary judgment.

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 15, 1987.

*J. Steven Cheatwood*, for appellant.
Dean M. Allen, Robert G. Allen, *pro se.*