### A89A1606. MINNIEFIELD et al. v. SYLVESTER.
(388 SE2d 526)

McMurray, Presiding Judge.

On May 9, 1989, plaintiffs brought this personal injury and loss of consortium action against defendant in the State Court of Clayton County. They alleged that defendant negligently operated an automobile on or about April 8, 1985, and that they suffered injuries as a direct result of defendant's negligence. Answering the complaint, defendant asserted, inter alia, that it should be dismissed because a prior identical suit was pending between the parties in the Superior Court of Clayton County. Subsequently, defendant moved to dismiss the complaint upon the same ground. On April 11, 1989, following a hearing, the trial court found that at the time of the filing of the complaint, an identical action was indeed pending in the Superior Court of Clayton County between the same parties; that that action was voluntarily dismissed by plaintiffs about one month after the present complaint was filed (and about two weeks after defendant's answer was filed); and that the applicable statute of limitation expired. Based on these findings, the trial court dismissed the complaint with prejudice. Plaintiffs appeal. *Held*:

" 'Under (OCGA § 9-2-5 (Code Ann. § 3-601)), if two suits are filed at different times each for the same cause and against the same party, the pendency of the first shall be a good defense to the latter. The effect of the defense cannot be avoided even by a dismissal of the first suit. [Cits.]' *Steele v. Steele*, 243 Ga. 522 (2), 523 (255 SE2d 43) (1979)." *Hilliard v. Edwards*, 169 Ga. App. 808, 809 (315 SE2d 39). Inasmuch as the pendency of the first action is a defense to the present action and the statute of limitation expired, the trial court did not err in dismissing the present complaint with prejudice. See OCGA § 9-3-33. Compare *Hilliard v. Edwards*, 169 Ga. App. 808, supra, in which the trial court in that case was directed to amend the dismissal order to specify that it was without prejudice because it was not clear whether or not the statute of limitation expired.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 27, 1989.

*Gates & Associates, Fred Seward Gates*, for appellants.
*William D. Temple, Sr.*, for appellee.