A07A2219. WATSON v. GEORGIA DEPARTMENT OF TRANSPORTATION.
(653 SE2d 763)

ANDREWS, Presiding Judge.

Walter Bennett Watson sued the Georgia Department of Transportation (DOT) in the Superior Court of Wayne County pursuant to the Georgia Tort Claims Act (GTCA) (OCGA § 50-21-20 et seq.) alleging that he was injured when a DOT employee negligently drove a DOT vehicle and caused a collision with Watson's vehicle. Watson appeals from the superior court's order granting the DOT's motion to

---

[28] *Pearson v. City of Atlanta*, 231 Ga. App. 96, 97-98 (2) (499 SE2d 89) (1998).

dismiss the Wayne County action on the basis of a prior pending action brought by Watson against the DOT for the same collision. For the following reasons, we reverse.

Watson filed two suits against the DOT for the same cause of action arising from the same collision. The first suit was filed on March 18, 2005, in the Superior Court of Brantley County (the Brantley County action). The second identical suit was filed in the Superior Court of Wayne County on April 15, 2005[1] (the Wayne County action). On April 27, 2005, the DOT answered the Brantley County action by special appearance asserting various defenses including the defense that "Plaintiff has failed to cause process to be served as required by OCGA § 50-21-35" of the GTCA. On May 26, 2005, the DOT answered the pending Wayne County action asserting the defense that the Brantley County action was an identical prior pending action, and subsequently moved pursuant to OCGA § 9-2-5 (a) for dismissal of the Wayne County action on the basis of the prior pending action. On June 8, 2005, Watson filed a dismissal of the Brantley County action.

Under OCGA § 9-2-5 (a), "[n]o plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. . . . If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." The effect of this defense cannot be avoided where the prior pending suit is dismissed after the defendant has pled prior pendency as a defense. *Bouldin v. Aragona-Garcia Enterprises*, 161 Ga. App. 396, 397 (288 SE2d 673) (1982); *Steele v. Steele*, 243 Ga. 522, 523 (255 SE2d 43) (1979); *Terrell v. Griffith*, 129 Ga. App. 675, 677 (200 SE2d 485) (1973). Accordingly, if the prior pending action defense was otherwise available, Watson could not avoid the defense by dismissing the Brantley County action after the DOT pled the prior pendency defense in its answer to the Wayne County action.

But for the DOT to prevail on its asserted defense that the Brantley County action was a prior pending action, it was required to show that the Brantley County action was in fact a *pending* action. Watson's response to the DOT's motion asserting the prior pendency defense included the contention that, although the Brantley County action was filed prior to the Wayne County action, it was not pending because service of process was never perfected in the Brantley County action pursuant to the requirements of OCGA § 50-21-35 of

---

[1] Watson sent a dismissal to the Wayne County Superior Court dated the same day as the Wayne County action, but it referenced the civil action number assigned to the prior action filed in the Brantley County Superior Court. The record shows that the Wayne County Superior Court and the parties treated this purported dismissal as ineffective to dismiss the pending Wayne County action.

the GTCA. "In order for the pendency of a suit to act as a defense to a second suit on the same cause filed by the same suitor against the same party, the first suit must be *pending*." (Citations omitted.) *Bouldin*, 161 Ga. App. at 397. "[A]n action is not a pending suit between the parties until service of process. However, filing followed by service creates a pending suit from the date of filing." (Citations, punctuation and footnotes omitted.) *Kirkland v. Tamplin*, 283 Ga. App. 596, 599 (642 SE2d 125) (2007).

To establish that the Brantley County action was a pending action required proof that service of process was perfected pursuant to OCGA § 50-21-35. In a suit against the DOT, OCGA § 50-21-35 provides that, to perfect service of process, the action must be served on the chief executive of the DOT and the director of the Risk Management Division of the Department of Administrative Services. *Camp v. Coweta County*, 280 Ga. 199, 201 (625 SE2d 759) (2006). In asserting the prior pendency defense, the DOT had the burden of proving the facts necessary to support a judgment of dismissal. *Dawson v. McCart*, 169 Ga. App. 434, 435 (313 SE2d 135) (1984); *Manufacturers Nat. Bank of Detroit v. Tri-State Glass, Inc.*, 201 Ga. App. 253, 254 (410 SE2d 808) (1991). Although the trial court pointed to no evidence in the record that service was perfected in the Brantley County action, and we find none,[2] the court nevertheless granted the DOT's motion on the erroneous basis that, to avoid the prior pending action defense, Watson failed to carry the burden of proving that service was not perfected in the Brantley County action. Because the DOT failed to produce evidence that service of process was perfected and that the Brantley County action was therefore a pending action, the trial court erred by granting the motion to dismiss the Wayne County action.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED OCTOBER 24, 2007.

*Teresa G. Bowen, Kenneth E. Futch, Jr.*, for appellant.
*Thurbert E. Baker, Attorney General, Rebecca S. Adams, Loretta L. Pinkston, Assistant Attorneys General*, for appellee.

---

[2] Statements made by counsel for the DOT during argument on the motion that service was perfected in the Brantley County action were not evidence supporting the prior pendency motion. *Britt v. State*, 202 Ga. App. 689, 690 (415 SE2d 492) (1992).