# Court of Appeals
# of the State of Georgia

ATLANTA,   September 11, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1229. HAGGARD v. INGRAM et al.**

In a final order entered November 27, 2017, the Superior Court of Madison County granted custody of a minor child, K. H., to his paternal aunt and uncle, Grayson Ingram and Mary Elizabeth Ingram. K. H.'s paternal grandmother, Wanda Haggard, appealed.  On May 18, 2018, however, the Ingrams moved to dismiss the appeal, contending that because they had subsequently adopted K. H., the appeal was moot.  Haggard responded, arguing that because the adoption occurred after the filing of the notice of appeal, the trial court lacked jurisdiction to grant the adoption The adoption record is not before this Court, but both parties acknowledge in their filings that the adoption occurred. See *Froelich v. State*, 210 Ga. App. 647, 648, n. 1 (437 SE2d 358) (1995) (outlining scope of admissions in judicio). We have no indication that the adoption has been appealed.«»

It appears that the adoption is a separate case from that of the custody action. "The general rule on supersedeas in civil cases in that a properly filed notice of appeal serves as a supersedeas, upon payment of all costs in the trial court by the appellant. This automatic supersedeas deprives the trial court of jurisdiction to modify or alter *the judgment in the case pending the appeal*." (Citations, punctuation, and footnote omitted; emphasis supplied.) *Turner v. Harper*, 233 Ga. 483, 483 (211 SE2d 742) (1975), superseded by statute on other grounds, as recognized by *Lawrence v. Whittle*, 146 Ga. App. 686, 686 (1) (247 SE2d 212) (1978). Accord *Avren v. Garten*, 289 Ga. 186, 190 (6) (710 SE2d 130) (2011) (the supersedeas that stems from the filing of the notice of appeal supersedes only the judgment appealed and "deprives the trial court of jurisdiction to take action *in the case* that would affect the judgment

on appeal") (citation omitted; emphasis supplied).

The adoption and the custody modification are separate judgments entered in separate cases, and the trial court thus did not lack jurisdiction to enter an order on the adoption. The adoption of the child at issue moots the questions presented in the appeal of the custody action. OCGA § 5-6-48 (b) (3). See *Baca v. Baca*, 256 Ga. App. 514, 515 (1) (568 SE2d 746) (2002) (mootness is a mandatory ground for dismissal). The Ingrams' motion to dismiss is therefore GRANTED. This appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, __09/11/2018_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*