**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 27, 2020**

# In the Court of Appeals of Georgia

A20A1017. RICH v. THE STATE.                                        DO-035 C

DOYLE, Presiding Judge.

Laura Rich moved under OCGA § 35-3-37 (m) to seal her criminal record that is maintained by the Clerk of the Superior Court of Cherokee County. The trial court denied her motion, and she appeals. Finding no abuse of discretion, we affirm.

The record shows that Rich was charged with three counts of sexual assault of a student in violation of OCGA § 16-6-5.1 (b) (1), which prohibits sexual contact between a teacher and a student.[1] Rich moved to quash the indictment, and the trial court granted the motion, concluding that OCGA § 16-6-5.1 did not apply to Rich's

---

[1] The indictment alleged that Rich had sexual intercourse with two student victims.

alleged sexual conduct with two students because she was a substitute teacher at the time — a contract employee — and the conduct occurred outside of school.

The State appealed, and this Court affirmed the trial court's order quashing the indictment in a published opinion.[2] This Court, strictly construing the statute, "determine[d] that Rich was not a 'teacher' for purposes of OCGA § 16-6-5.1 (b) (1)"[3] because she "did not hold a teaching certificate; was not on contract as a teacher; did not actually teach or instruct classes; and had considerably fewer

---

[2] See *State v. Rich*, 348 Ga. App. 467 (823 SE2d 563) (2019).

[3] OCGA § 16-6-5.1 (b) (1) (2015) provided in relevant part: "A person who has supervisory or disciplinary authority over another individual commits sexual assault when that person . . . [i]s a teacher, principal, assistant principal, or other administrator of any school and engages in sexual contact with such other individual who the actor knew or should have known is enrolled at the same school." We note that the Code section was amended and, as of July 1, 2019, provides in relevant part: "An employee or agent commits the offense of improper sexual contact by employee or agent in the first degree when such employee or agent knowingly engages in sexually explicit conduct with another person whom such employee or agent knows or reasonably should have known is contemporaneously: (1) Enrolled as a student at a school of which he or she is an employee or agent." "Employee" is defined as "an individual who works for salary, wages, or other remuneration for an employer." OCGA § 16-6-5.1 (a) (4). Accordingly, Rich's conduct, as charged in the indictment, would constitute a crime today.

obligations than the teacher for whom she substituted (and even a long-term substitute). . . ."[4]

Thereafter, Rich moved to seal the records of the clerk of court pursuant to OCGA § 35-3-37 (m).[5] Following a hearing, the trial court denied the motion, "find[ing] by a preponderance of the evidence, that due to the allegations in the case and the benefit of record restriction enjoyed by [Rich], the harm resulting to [her] privacy interest is not clearly outweighed by the public's right to know." The trial court noted that

> in [Rich's] favor is that her actions were not considered a crime, and as a result, [Rich] enjoys the benefit of record restriction. However, while [Rich's] actions did not constitute a crime, this incident occurred during a time when [Rich] worked occasionally as a substitute teacher. Sealing the [c]lerk's file in this case goes against the public's interest in this criminal history record information [sic] and transparency.

Rich appeals, arguing that the trial court abused its discretion by denying her motion to seal the clerk's file because (a) the public has no interest in criminal history

---

[4] Id. at 473-474

[5] In the motion, Rich contends that "[t]he record of the case is harmful to [her] privacy[,] . . . and this harm clearly outweighs the public interest in the charges being publicly available. The charges significantly interfere with [Rich's] ability to secure employment and other opportunities."

3

information if there has been a judicial determination that the defendant has not committed a crime; (b) the trial court applied the wrong standard; and (c) the publicity and prior published opinion in this case do not diminish her privacy interest in the clerk's file. We find no basis for reversal.

OCGA § 35-3-37 (m) (2) provides:

The court shall order all criminal history record information in the custody of the clerk of court, including within any index, to be restricted and unavailable to the public if the court finds *by a preponderance of the evidence* that: (A) *The criminal history record information has been restricted* pursuant to this Code section; and (B) *The harm otherwise resulting to the privacy of the individual clearly outweighs the public interest in the criminal history record information being publicly available.*[6]

We review a trial court's decision on a motion to seal a defendant's criminal record for an abuse of discretion.[7]

Here, the parties stipulated that Rich's criminal history record information has been restricted. Accordingly, the sole issue in this case is whether the trial court abused its discretion by finding by a preponderance of the evidence that the harm

---

[6] (Emphasis added.)

[7] See *Doe v. State*, 347 Ga. App. 246, 253-254 (4) (819 SE2d 58) (2018).

otherwise resulting to Rich's privacy did not clearly outweigh the public interest in the public availability of her criminal record.[8]

> [T]o satisfy the preponderance-of-the-evidence standard, [Rich] was required to demonstrate that the superior weight of evidence upon the issues involved, which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other.[9]

At the motion hearing, Rich's attorney argued that

> Rich's privacy interest . . . [that] she is concerned about, in talking to her, her main concern is the curiosity of her children. Her children are starting to become of age and, I think, have had some questions about what happened to her. And so I know on a personal level that's one of the things that she's most concerned with, is them coming to the courthouse and looking. But there's also neighborhood, extended family, social, and church connections. She does have a . . . good job. It is not involving children. She works in the veterinary sciences, is — is pursuing higher education in that field.[10]

---

[8] See OCGA § 35-3-37 (m) (2) (B).

[9] (Punctuation omitted.) *Doe*, 354 Ga. App. at 396 (1), quoting *Coxwell v. Coxwell*, 296 Ga. 311, 314 (2) (765 SE2d 320) (2014).

[10] In response, the State countered that Rich's "privacy expectation is somewhat illusory in this case because [of] the amount of media attention that this case received initially upon her arrest, the amount of media attention subsequent in those days following her arrest, that anybody who has access to the Internet is going to be able

Rich did not testify at the hearing on the motion to seal her record, nor is there an affidavit from her in the record. And her attorney's representations about what Rich relayed to him are not evidence.[11] Furthermore, even assuming the representations were testified to by Rich, they "lacked sufficient detail and specificity to meet the burden of showing by a preponderance of the evidence that [her] privacy interests clearly outweighed the public's interest in the records. Accordingly, we cannot say that the trial court abused its discretion [by] denying [Rich's] motion."[12]

*Judgment affirmed. McFadden, C. J., and Hodges, J., concur.*

---

to find. . . ."

[11] See *R. C. Acres, Inc. v. Mommies Properties, LLC*, 338 Ga. App. 569, 579 (790 SE2d 824) (2016) ("argument of counsel and unsworn statements made at a trial court hearing [do not] constitute competent evidence"); *Watson v. Ga. Dept. of Transp.*, 288 Ga. App. 40, 42, n. 2 (653 SE2d 763) (2007) (holding that counsel's statements at a hearing are not evidence).

[12] (Footnote omitted.) *Doe*, 354 Ga. at 396-397 (1), citing *Overby v. State*, 315 Ga. App. 735, 738-39 (728 SE2d 278) (2012) & *Anderson v. State*, 212 Ga. App. 329, 329 (442 SE2d 268) (1994).