42999. McPEAKE v. COLLEY et al.

ARGUED SEPTEMBER 5, 1967—DECIDED SEPTEMBER 15, 1967.

*Shoob, McLain & Jessee, C. James Jessee, Jr., R. Keegan Federal, Jr.,* for appellant.

*Nall, Miller, Cadenhead & Dennis, Robert E. Corry, Jr., Kirk P. McAlpin,* for appellees.

EBERHARDT, Judge. ■ Although appellant cites several federal cases holding that a plea in abatement is not a proper subject matter for summary judgment (Heyward v. Public Housing Administration, 238 F2d 689; Zeigler v. Akin, 261 F2d 88; Dredge Corp. v. Penny, 338 F2d 456; Danisch v. Guardian Life Ins. Co. of America, 151 FSupp. 17; and 6 Moore's Federal Practice (2d Ed.) Par. 56.03, p. 2052), it appears that the defense of former suit pending, as we have it, is not recognized in the federal courts, or in the Federal Rules of Civil Procedure. For this reason we do not regard the federal cases as persuasive. Under our procedure the plea is more than one in abatement in the ordinary sense. As to Colley the second suit can never be tried, for *Code* § 3-601 provides that if the two suits are not simultaneously filed the pendency of the first "shall be a good defense to the latter." The effect of the plea or defense cannot be avoided even by a dismissal of the first suit. *Singer v. Scott,* 44 Ga. 659, supra. The result is, therefore, that, as to Colley, plaintiff could not proceed with the instant case at all. It is thus really a matter in bar. She might dismiss both suits and

file another in terms of the second. She may, of course, proceed with the first suit, but the plea or motion does not go to that.

■ We agree with the trial judge that as to Colley the two suits relate to the same subject matter, and as to him they are between the same parties.

■ A reading of the two orders entered by the trial judge forecloses any contention that the second or instant action was dismissed as to any defendant other than Colley.

We find no error in the action of the trial judge.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*