## 46520.   CHERRY v. GILBERT.

EVANS, Judge. On July 13, 1967, the plaintiff, Earl K. Cherry, filed an action against J. Carl Gilbert, being case number 10660, in Clayton Superior Court, which suit was served on the 17th day of July, 1967. Subsequently he voluntarily dismissed his action, and on the 22nd day of January, 1970, without previously paying the costs in that case, filed a new action between the same parties involving the same subject matter, the same being case number 11990, in Clayton Superior Court. However, the defendant was not served in that case and on the 15th day of June, 1970, plaintiff filed in Fulton Superior Court a case on the same cause of action against the same defendant, being number B-56060. On July 14, 1970, a "non est" (non est inventus) was entered in the last mentioned case. On September 16, 1970, defendant was served in suit number 11990, Clayton Superior Court, and he thereafter filed defensive pleadings. Subsequently, plaintiff voluntarily dismissed the action and paid the costs on both of the actions that had been dismissed in Clayton Superior Court, and also paid the costs on the action in Fulton Superior Court on which a "non est" had been entered. On January 18, 1971, plaintiff again filed the same complaint against defendant in Clayton Superior Court. In addition to defensive pleadings defendant filed a motion for summary judgment and thereafter the trial court rendered judgment on the motion for summary judgment, as amended, holding that since there exists "a pending suit in the Superior Court of Fulton County, No. B-56060, between the same parties and covering

the same cause of action, the same being filed prior to this suit and never having been dismissed . . . the motion for summary judgment . . . [is] sustained." The appeal is from this judgment. *Held:*

1. The motion to dismiss the appeal has been considered and is denied.

2. Under *Code* § 3-601 the pendency of a former action is a good defense to a second action brought by the same plaintiff against the same defendant and involving the same cause of action as in the former suit. Further, in *McPeake v. Colley,* 116 Ga. App. 320, 322 (157 SE2d 562) it was held that a motion for summary judgment will lie to the second suit since it cannot be tried as long as the first suit is pending.

3. But what constitutes a "suit pending?" The filing of the petition without service does not operate to commence a suit and no suit is pending until it has been served. See *Nicholas v. British America Assur. Co.,* 109 Ga. 621 (34 SE 1004); *Brunswick Hardware Co. v. Bingham,* 110 Ga. 526 (35 SE 772); *Ferguson v. New Manchester Mfg. Co.,* 51 Ga. 609; *Cherry v. North & South R.,* 65 Ga. 634 (1); *McClendon v. Hernando Phosphate Co.,* 100 Ga. 219 (2) (28 SE 152); *Florida Central &c. R. Co. v. Ragan,* 104 Ga. 353, 356 (30 SE 745).

4. The record shows that the Fulton Superior Court records as to case No. B-56060 reveal no service but in lieu thereof the filing of a "non est." Consequently, suit was not pending between the same parties and involving the same cause of action in that court, and the court erred in granting the motion for summary judgment based on such contention.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*
SUBMITTED SEPTEMBER 14, 1971—DECIDED OCTOBER 14, 1971—
REHEARING DENIED NOVEMBER 15, 1971—

*Scott Walters, Jr.,* for appellant.
*Preston L. Holland,* for appellee.