### 46558. AMERICAN INDEMNITY COMPANY
### v. WILLINGHAM.

WHITMAN, Judge. Jimmy B. Willingham, Jr., as he was called in his complaint, or Jimmy Junior Willingham, as he called himself, filed an action in the State Court of Chattooga County, seeking to recover under a fire insurance policy issued by the defendant-appellant.

The defendant's answer set up several defenses. One defense was that the identical claim was already pending against it in the Superior Court of Chattooga County and that the present action should be held in abeyance pending determination of the first case. The defendant invoked a ruling on this defense, but was denied the relief sought.

This ruling is enumerated as error, along with several other matters on this appeal. *Held:*

We are of the opinion that the defense should have been sustained. It appears from the record that an action in the Superior Court of Chattooga County was commenced on January 13, 1970, by American Indemnity Company and Farmers Co-operative Insurance Company as plaintiffs against Jimmy Willingham, Mrs. Stella Willingham, and Robert E. Hicks as trustee for Manufactured Homes Corporation, all of whom claimed the property, or some interest therein. This complaint alleged that American Indemnity Co. had issued a policy of fire insurance insuring certain described property to Jimmy Willingham as the alleged owner and that Farmers Co-operative Ins. Co. also issued a policy of fire insurance on the same property to Mrs. Stella Willingham (Jimmy's mother) as the alleged owner. The complaint alleged that the Willinghams were making claims upon the respective policies; that Hicks, as trustee, claimed title to the same property and intended to claim upon one or both of the policies; and that the plaintiffs, because of the conflicting claims of title, were unsure as to which of the defendants, if any, had an insurable interest in the property at the time of the fire. The complaint prayed that the defendants be enjoined from bringing their threatened suits; that they be required to interplead and settle their respective rights to the property and to the insurance proceeds, and that the court declare which of the defendants had legal title and an insurable interest in the covered property.

Jimmy Willingham answered the above described suit and simultaneously counterclaimed against American Indemnity Co. seeking to recover on the policy he held, but before he had so answered and counterclaimed he commenced on January 20, 1970, the present action in the State Court of Chattooga

County to recover on the policy. Mrs. Stella Willingham also answered and counterclaimed against Farmers Co-operative Ins. Co. on the policy which she held.

Notwithstanding that the State court suit was filed before the counterclaim in the superior court case was filed, the latter action by Willingham caused issue to be joined between the parties in an action which was already pending. The main action and Willingham's counterclaim were still pending in the superior court case at the time the defense of abatement was urged and ruled upon in the State court case. It further appears that when thereafter Willingham moved for and secured a dismissal of the main action in the superior court case (on the ground that it had become moot by reason of the trial of the case in the State court) and the judgment of involuntary dismissal was appealed, the Willinghams as appellees successfully urged in the Supreme Court that the appeal should be dismissed on the ground that the cause was still pending in the superior court by virtue of their counterclaims in the matter. See *Farmers Co-operative Ins. Co. v. Hicks,* 227 Ga. 755 (182 SE2d 895).

The pendency of a former suit for the same cause of action between the same parties in the same or any other court that had jurisdiction is a good cause of abatement. *Code* § 3-607. The defense of abatement should have been sustained. See *Dowling v. Pound,* 214 Ga. 298, 300 (104 SE2d 465), and cits. All subsequent action was nugatory.

*Judgment reversed. Eberhardt, J., concurs. Hall, P. J., concurs in the judgment.*

SUBMITTED SEPTEMBER 20, 1971—DECIDED OCTOBER 19, 1971— REHEARING DENIED NOVEMBER 11, 1971—

*Matthews, Walton, Smith, Shaw & Maddox, James D. Maddox,* for appellant.

*F. H. Boney,* for appellee.