### 46549. BLOUNT v. KICKLIGHTER et al.

EBERHARDT, Judge. Blount, d/b/a Blount Construction Company, orally agreed to effect a remodeling of Kicklighter's restaurant building. He brought suit November 27, 1968, alleging that the work had been done and that the Kicklighters owed him, according to the agreement, the sum of $11,024.09.

Kicklighter and his wife answered, admitting that there had been an agreement for the performance of the work, but denying owing the sum of $11,024.09 and further asserting that the agreement had been that Blount would do the work on the basis of cost of materials plus 15 percent, and the cost of labor plus 40 percent; that plaintiff had been paid $14,300, and that he had failed and refused to submit properly documented bills demonstrating that any additional sum was owed; and that plaintiff failed to furnish a superintendent in accordance with the agreement, because of which portions of the work had to be done over, "with resulting additional expense and damage to defendant."

Interrogatories were served by each party on the other, supplemented, and answered. Finally, on November 6, 1969, the case came on for trial and, after a jury was struck and in the box, defendant offered an amendment by which he counterclaimed against the plaintiff for $2,100 as damages resulting from "delays in completion of the work, thereby denying the defendant opportunity to operate his business during the unreasonable time of performance, all of which resulted in damages to the defendant in the amount of $2,100." Plaintiff objected to the allowance of the amendment on grounds that it

was untimely, that plaintiff had not been afforded opportunity to investigate or to examine defendant's books and records, or to obtain and produce witnesses to rebut the claim. Defendant urged that even under the Civil Practice Act the "right to amend is as broad as the plan of salvation," that the defendant had the right to amend at any time before the verdict was returned, that "it's been a difficult case to organize," and that the original answer did give notice that defendant had a claim for damages.

The court ruled that defendant had a right to amend, but "the only question in my mind is why did you wait until this hour until we got the jury and amend?" In response defendant's counsel asserted that "it took a great deal of accounting to come up with the particular amount."

Finally, the court allowed the amendment, but offered to continue the case if plaintiff desired to have it done, after which plaintiff's attorney announced that he would proceed with a trial of the case but that he still insisted upon his objections to the allowance of the amendment, and would except to the order allowing it. After submission of evidence the jury returned a verdict for the defendant. Plaintiff moved for a new trial, and now appeals from the overruling of the motion, enumerating that judgment, as well as the allowance of the amendment and the allowance of evidence in support thereof (duly objected to) as errors. *Held:*

1. Defendant's claim for damages for loss of business due to delay in the performance of the contract for remodeling the building grows out of the same transaction, is a compulsory counterclaim, and is required to be filed as a part of and at the same time as the answer and other defensive pleadings, unless a later filing is permitted by the court. *Code Ann.* § 81A-113 (a).

2. A delayed filing of a compulsory counterclaim may be made by leave of the court if it was omitted through oversight, inadvertence, excusable neglect, or if justice requires it. *Code Ann.* § 81A-113 (f).

3. "[T]he courts should be very liberal in allowing amendments to include compulsory counterclaims, and even permissive counterclaims where no prejudice would result, where the pleader has not been guilty of inexcusable neglect, or has not by reprehensible conduct deprived himself of any claim to special consideration by the court. . . The motion should be made promptly and may be denied for laches or lack of good faith." 3 Moore, Federal Practice, p. 89, § 13.33.

4. Before a delayed filing of a counterclaim is allowed, the court should require the submission of evidence and make a finding therefrom as to whether the delay was occasioned by oversight, inadvertence or excusable neglect. A finding of oversight or of inadvertence is unsupported if it appears *from the pleadings or the facts* that the defendant or his counsel had knowledge of the existence of the claim when the defensive pleadings were prepared and filed in the first instance. "It is true that as a general rule leave to amend [and set up a counterclaim] shall be given freely, but this does not dispense with the necessity of showing that justice so requires." Browne-Vintners Co. v. National Distillers Prod. Corp., 15 FRD 205.

"[T]he very facts relied on by the defendants show that defendants' counsel was most attentive to these proceedings and, therefore, must have been aware of the counterclaims. We find, therefore, that there has been no showing that the failure of the defendants to previously file the instant counterclaims was due to the inadvertence of their counsel." Larson v. Arnold E. Verdi Trucking, Inc., 28 FRD 377, 379.

Here it is urged by counsel for defendants-appellees that there was notice of the counterclaim in the answer when it was charged that portions of the work had to be done over "with resulting expense and damage to defendant." We have grave doubt that this was likely to be construed by the plaintiff or his counsel as notice of anything beyond a claim for expense incurred in doing over portions

of the work, and not of a claim for loss of profits due to delay in completion of the job. But since counsel, who prepared the answer and who later tendered the counterclaim, urge the allegation in the answer as notice of the counterclaim it seems inescapable that they knew of the counterclaim at the time the answer was prepared and filed. "Rule 15 (a) [Code Ann. § 81A-115 (a)] . . . does not mean that amendments will be allowed regardless of the diligence of a party." Rupe v. Asso. Elec. Co., 6 FRD 309. Hence, for aught that appears in this record its omission was not by oversight or inadvertence, nor is there support for a finding of excusable neglect.

If there had been no basis for a counterclaim when the answer was prepared and filed, a different conclusion would be reached, for it is elementary that unless one has a claim he is in no position to assert it. Lawhorn v. Atlantic Ref. Co., 299 F2d 353. And if the facts upon which a counterclaim might be asserted were not discovered until discovery depositions were taken, a finding of excusable neglect might well be in order, though the duty of the defendant and his counsel would be to tender the counterclaim with promptness after the facts were discovered. Reines Distributors, Inc. v. Admiral Corp., 39 FRD 39. It has been held, too, that excusable neglect appeared where the defendant was confined to the hospital and in no position to assist his counsel until after the time for filing defensive pleadings. LaFollette v. Herron, 211 FSupp. 919.

It should appear, too, that the filing of the counterclaim when tendered works no prejudice against the plaintiff. If it appears that the plaintiff has been aware of the claim, and will not be prejudiced by either an immediate trial with the counterclaim included or by the delay occasioned by a continuance, a finding of no prejudice would be proper. But if this is not the case, disallowance of the amendment for laches is proper when it is tendered long after the defensive pleadings were filed, and at a time when the trial is imminent.

If additional time is needed for preparing a counterclaim it can usually be obtained by stipulation of counsel, or by an order extending the time, either of which would alert the plaintiff to the existence of the claim and prompt him to prepare to meet it.

5. Since we hold it to have been error to allow the amendment without a proper showing and finding, it must follow that it was error, over objection, to admit evidence in support of the amendment.

We now reverse the judgment overruling the motion for new trial, and direct that a hearing be held by the trial judge and a determination made as to whether, at the time of the preparation and filing of the defensive pleadings, the defendant had knowledge of the existence of his claim against the plaintiff, and whether, under the facts, there has been unreasonable or inexcusable delay in the tendering of the amendment. Upon these findings the counterclaim will then be allowed or disallowed, and this should occur without delay so that well in advance of another trial the positions of the parties with reference to proof to be submitted and rebutted will be known.

*Judgment reversed with direction. Bell, C. J., and Hall, P. J., concur. Whitman, J., not participating.*

SUBMITTED SEPTEMBER 20, 1971—DECIDED NOVEMBER 18, 1971—

REHEARING DENIED DECEMBER 9, 1971.

*William F. Braziel & Associates, William F. Braziel,* for appellant.

*John R. Harvey, Allen, Edenfield, Brown & Franklin,* for appellees.