### 47064. REEVES TRANSPORTATION COMPANY v. GAMBLE et al.

STOLZ, Judge. This appeal arises from the same collision as did the appeal in the case of *Gamble v. Reeves Transportation Co.,* 229 Ga. 161. In this action in Floyd Superior Court by Burlington Industries, Inc., against the parties to the present appeal (who are alleged to be joint tortfeasors), defendant Reeves Co. filed a cross claim against its co-defendants, the Gambles, for damages to its tractor trailer caused by their alleged negligence. The Gambles filed a plea of the pendency of another action and a motion for summary judgment, based upon the pendency of substantially the same cross claim filed against them in an action in Bartow Superior Court against Reeves Co. and the Gambles by the widow of the truck driver of plaintiff Burlington Industries, Inc. Reeves Co. appeals from the judgment of the trial court sustaining the motion for summary judgment and plea of former action pending, dismissing the cross claim without prejudice on its merits. *Held:*

Under *Code* § 3-601, a motion for summary judgment will lie on the ground of the pendency of a former *original* action in a second action brought by the same plaintiff against the same defendant and involving the same cause of action as in the former action. *McPeake v. Colley,* 116 Ga. App. 320, 322 (157 SE2d 562); *Cherry v. Gilbert,* 124 Ga. App. 847 (2) (186 SE2d 319). The question raised by this appeal is whether the above applies to cross claims filed under the provisions of *Code Ann.* § 81A-113 (g) (Ga. L. 1966, pp. 609, 625).

Under the provisions of *Code Ann.* § 81A-156 (b) (Ga. L. 1966, pp. 609, 660, as amended), "a party against whom a claim, counterclaim or cross-claim is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." The rule set forth in the *McPeake* and *Cherry* cases, supra, has been applied to counterclaims, as well as original claims. See *American Indem. Co. v. Willingham,* 124 Ga. App. 818 (186 SE2d 351), citing *Farmers Cooperative Ins. Co. v. Hicks,* 227 Ga. 755 (182 SE2d 895). *Code Ann.* § 81A-113 (a) recognizes and applies the principle of former action pending with respect to compulsory counterclaims. That a cross claim has the same standing, insofar as former cross claims pending, as an original claim and a counterclaim, is further indicated by the fact that, if the court orders separate trials, a judgment may be rendered on a cross claim even if the claim of an opposing party has been dismissed or otherwise disposed of (*Code Ann.* § 81A-113 (i)), and ". . . any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, . . ." *Code Ann.* § 81A-154 (b) (Ga. L. 1966, pp. 609, 658). The fact that the present action is brought by a different plaintiff from the one who brought the former pending action, does not render the plea of former action pending inapplicable; such was the situation in

*McPeake,* supra.

A cross claim is not compulsory, but is permissive. 3 Moore's Fed. Practice 10, § 13.02; 91, § 13.34. Since the appellant could have filed a separate action against the appellees on this claim, in which case that action could be pled as a former action pending in a subsequent action on the same claim between the same parties, appellant can not, by the indirection of using the permissive cross claim, do what the law forbids him to do directly, i.e., to burden the appellees with defending the same claim in two courts at the same time. There being a valid, pending claim substantially identical to the one in the present action, the trial court did not err in its judgment dismissing the cross claim without prejudice on its merits.

> *Judgment affirmed. Bell, C. J., and Evans, J., concur.*
> ARGUED APRIL 3, 1972—DECIDED APRIL 27, 1972.

*Matthews, Walton, Smith, Shaw & Maddox, Oscar M. Smith,* for appellant.

*Covington, Kilpatrick & Storey, J. S. Kilpatrick,* for appellees.