## 50900. HARBIN LUMBER COMPANY, INC. v. FOWLER.

QUILLIAN, Judge.

The plaintiff's action for the wrongful death of her daughter was attacked by the defendant on the ground that the suit should have been brought as a compulsory counterclaim in another and prior suit brought by the defendant against the plaintiff for damages arising out of an automobile collision. In the other action the plaintiff had answered and counterclaimed for personal injuries and damages she sustained but had not sought recovery

for the wrongful death of her daughter which occurred in the same automobile collision.

In this action the defendant moved for a judgment on the pleadings. At the hearing on the motion the parties stipulated the pleadings in the other action which was "Civil Action No. 711" and further stipulated "that the complaint in said Civil Action No. 711 was filed on September 27, 1974 and the answer and counterclaim seeking damages for personal injury on the part of Dinah C. Fowler in said Civil Action No. 711 was filed on October 25, 1974. It is further stipulated by the parties that the vehicular collision alleged in the complaint and counterclaim in said Civil Action No. 711 was the same vehicular collision alleged in the complaint in this Civil Action and that Dinah C. Fowler and Harbin Lumber Company, Inc. named as parties in said Civil Action No. 711 are the same person and corporation as the Dinah C. Fowler and the Harbin Lumber Company named as parties in this civil action." The present action was filed on November 1, 1974.

The trial judge denied the motion for judgment on the pleadings because the plaintiff as mother of the deceased child was not the same party to the suit previously filed. On appeal we are confronted with the correctness of that decision. *Held:*

1. In the case sub judice the salient question is whether the plaintiff was required to plead the second action as a compulsory counterclaim in the first. Code §§ 3-601 and 3-607 cited by counsel deal with pendency of a suit where the same parties and the same cause of action are involved. These sections, although they are primarily in abatement, impose a strict penalty as Judge Eberhardt pointed out in *McPeake v. Colley,* 116 Ga. App. 320, 322 (157 SE2d 562): "Under our procedure the plea is more than one in abatement in the ordinary sense. As to Colley the second suit can never be tried, for Code § 3-601 provides that if the two suits are not simultaneously filed the pendency of the first 'shall be a good defense to the latter.' The effect of the plea or defense cannot be avoided even by a dismissal of the first suit. *Singer v. Scott,* 44 Ga. 659, supra." In that case, as well as *Cherry v. Gilbert,* 124 Ga. App. 847 (186 SE2d 319); *Reeves Transp. Co. v.*

*Gamble,* 126 Ga. App. 165 (190 SE2d 98), we allowed the issue of pendency to be raised by motion for summary judgment.

The Supreme Court has held that a summary judgment may not be granted on matters in abatement. *Ogden Equip. Co. v. Talmadge Farms, Inc.,* 232 Ga. 614 (208 SE2d 459). Since a motion for judgment on the pleadings is similarly addressed primarily to the merits it might appear inapplicable to a motion which raises the pendency of another suit. In *Ogden,* the court emphasized that "Rule 56 contemplates a judgment on the merits, and cannot be properly utilized to raise matter in abatement." Here the facts were stipulated to and the sole issue was a matter of law— the application of a statute to a stipulated set of facts. Regardless of the nomenclature employed (*State v. Houston,* 134 Ga. App. 36 (213 SE2d 139)) the decision was solely that of the judge on a legal issue and, although it may have abated the issue had he ruled for the defendant, we do not read *Ogden* as preventing a ruling by the judge where there is *no issue of fact* although abatement of the action may be the result.

2. Section 13 (a) of the Civil Practice Act (Code Ann. § 81A-113 (a); Ga. L. 1966, pp. 609, 625) reads: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." This describes a compulsory counterclaim.

As we pointed out in *Myers v. United Services Auto. Assn.,* 130 Ga. App. 357, 360 (203 SE2d 304): "The key phrase is that the claim 'arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim.'" Cause of action has no express bearing on the issue. The fact that the plaintiff might have a different status in the second suit as opposed to the first suit would likewise be of no consequence.

It seems clear that a party may not raise issues arising out of the same transaction which should have been pled as a compulsory counterclaim in another separate suit. If the first suit is completed, then res

judicata serves to bar proceeding with the second action. See our decision in *Myers v. United Services Auto. Assn.,* 130 Ga. App. 357, supra. However, if the first suit is merely pending then other remedies must be utilized.

Moore's Federal Practice discusses the problem under Federal Rule 13. "What are the consequences where D disobeys Rule 13 (a) and commences a suit against P in either state or federal court? Normally, the first suit should have priority, absent a showing of a balance of convenience in favor of the second action. However, no mechanical chronological rule ought to govern since the modern availability of declaratory judgments and other litigation-forcing devices present a variety of circumstances giving rise to role reversals and races to the court house. These circumstances call upon both courts to exercise various tools in the art of judicial administration to reach a just result while avoiding multiplicity of litigation. Such tools include removal and consolidation, dismissal or stay, transfer and consolidation, or referral to the panel on multidistrict litigation." 3 Moore's Federal Practice p. 13-334, § 13.14 [2].

Code §§ 3-601 and 3-607 do not expressly cover this area since they are concerned with the "same cause of action," while the counterclaim section is concerned with the principal of "same transaction."

In the instant case the basis for the wrongful death action arose out of the same transaction as the original suit and counterclaim. In the wrongful death action although the right is derivative it is nevertheless lodged squarely in the plaintiff as mother and it is her right and not that of another whom she is representing. Code § 105-1307. The plaintiff could and should have counterclaimed for the wrongful death of her child in the pending suit. Hence while the complaint should have been dismissed, but without prejudice, as a separate suit, it should have been submitted as a counterclaim in the first civil action and considered under CPA § 13 (f) (Code Ann. § 81A-113 (f); Ga. L. 1966, pp. 609, 625).

Therefore, direction is given that the complaint be dismissed *without prejudice* and that the appellee, Fowler, has the right to file the action as a counterclaim in

Civil Action No. 711 within 30 days after entry of the remittitur from this court.

*Judgment reversed with direction. Pannell, P. J., and Clark, J., concur.*

ARGUED SEPTEMBER 2, 1975 — DECIDED NOVEMBER 26, 1975 — REHEARING DENIED DECEMBER 16 AND DECEMBER 19, 1975 —

*Gary B. Blasingame, Henry G. Garrard, III,* for appellant.

*McClure, Ramsay & Struble, Robert B. Struble, John Dickerson,* for appellee.