## 56738. WILLIAMS v. BUCKLEY et al.

BANKE, Judge.

This is a suit for damages for fraud, negligence, and breach of contract. The plaintiff filed a complaint pro se in April 1975, and the defendants answered in May 1975. In July 1975, the plaintiff obtained counsel and filed an amended complaint alleging that she had contracted with the defendants to repair her automobile for $575; that she paid the defendants a sum total of $375; that the defendants subsequently returned the automobile to her residence and refused to do any further work; that the work the defendants had done was done negligently; and that the automobile was returned to her in worse condition than when she had brought it in to be repaired. The defendants filed an amended answer in September 1975, admitting the repair agreement but denying any negligence or additional damage. In December 1975, the plaintiff again amended her complaint; and in January 1977, the defendants filed a second amendment to their answer, asserting therein a counterclaim for the $200 balance remaining on the contract. Then plaintiff moved to dismiss the counterclaim as untimely filed and simultaneously filed a "final amended complaint as revised by consolidating amendments" as she had been required by the court to include an allegation of agency in her complaint. After the court heard argument from counsel for both parties, the court denied the plaintiff's motion to strike the counterclaim. In June 1978, the case came on for a trial by jury. In the middle of the examination of the plaintiff's second witness, before the close of the plaintiff's evidence, counsel for the defendants moved for either a mistrial or a directed verdict on the

basis of *anticipated* testimony. The court granted a directed verdict for the defendants, and the plaintiff appeals. *Held:*

1. A delayed filing of a compulsory counterclaim may be made by leave of court if it was omitted through oversight, inadvertence, excusable neglect, *or if justice requires it.* CPA § 13 (f) (Code Ann. § 81A-113 (f)). (Emphasis supplied.) Before a delayed filing of a counterclaim is allowed, the court should require the submission of evidence and make a finding therefrom as to whether the delay was the result of oversight, inadvertence or excusable neglect. *Blount v. Kicklighter,* 125 Ga. App. 159 (186 SE2d 543) (1971). In this case, the court held a hearing on the motion to dismiss the counterclaim, but failed to make the above finding. However, a review of the pleadings and facts in this case indicates that the defendants had knowledge of the existence of the claim when the defensive pleadings were filed in the first instance; therefore, even if a finding of oversight or inadvertence had been made, it would have been unsupported. *Blount v. Kicklighter,* supra. Nevertheless, the courts should be very liberal in allowing amendments to assert compulsory counterclaims where no prejudice would result. *Blount v. Kicklighter,* supra. Therefore, any error in allowing the delayed filing of the counterclaim was harmless as the plaintiff has demonstrated no prejudice.

2. The court erred in preventing the plaintiff from attempting to impeach a defense witness by use of that witness' previous responses to interrogatories. See Code § 38-1802. The trial court also erred in preventing the plaintiff from offering on direct examination a complete description of the automobile, as this was relevant to establish the identity of the vehicle and to provide a basis for later testimony as to value.

3. "A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of the case." CPA § 50 (a) (Code Ann. § 81A-150 (a)). In this case, the defendants' motion for directed verdict was made before the plaintiff had a full opportunity to present her evidence. The trial court granted it based on the defendants' attorney's allegation that the testimony

plaintiff would elicit from her remaining witnesses would not support her case. The trial judge had no authority to direct a verdict for defendants on motion of the defendants at this stage of the trial. See *Carpenter v. C. & S. Bank,* 143 Ga. App. 765 (240 SE2d 106) (1977).

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED OCTOBER 4, 1978 —— DECIDED JANUARY 25, 1979.

*Kenneth G. Levin,* for appellant.

*J. Richmond Garland, M. T. Hartman, III,* for appellees.