## 64350. JONES et al. v. BROWN et al.

CARLEY, Judge.

Appellant-plaintiff Corine B. Jones was injured when she fell from the rear of a trailer owned by appellee-defendants. Mrs. Jones and her husband instituted the instant action to recover for damages alleged to have resulted from the fall. At trial, during the cross-examination of Mrs. Jones as appellants' very first witness, appellees moved for a directed verdict. The trial court heard the motion at that time and granted it. The trial court's ruling in this regard was predicated upon the existence of a release given by appellants to a chiropractor who had treated Mrs. Jones subsequent to her fall from appellees' trailer. The trial court determined that this release inured to the benefit of appellees, as joint tortfeasors with the chiropractor. The release named only Mrs. Jones' chiropractor and "any and all insurers on his behalf" and covered "any consequences of the occurrences hereinafter described as having taken place commencing on approximately September, 1979, or at any other times, and involving alleged negligence in medical care and treatment rendered by [the chiropractor] to [Mrs.] Jones . . ." The release further provided that it was "intended to cover all actions, causes of actions, claims and demands for, upon, or by reason of any damage, loss or injury, known or unknown, which may be traced either directly or indirectly to the aforesaid occurrence . . ."

"A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of the case." Code Ann. § 81A-150 (a). Assuming without deciding that the trial court did not err procedurally in hearing and granting appellees' motion during the cross-examination of Mrs. Jones, appellants' first witness, (but see *Williams v. Buckley,* 148 Ga. App. 778, 779 (3) (252

SE2d 692) (1979)), we find the directed verdict must be reversed on the merits.

"If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." Code Ann. § 81A-150 (a). When such evidence as the trial judge in the instant case allowed to be introduced is considered against the above-stated standard for the direction of a verdict, it appears that appellees were erroneously granted a directed verdict based upon the release of Mrs. Jones' chiropractor. The evidence clearly did not demand a finding that the chiropractor, who subsequently treated Mrs. Jones, was a joint tortfeasor with appellees. Unlike the situation where the claim is indisputably based upon two or more wrongful acts resulting in a single indivisible injury, such as death (see *Parks v. Palmer,* 151 Ga. App. 468 (260 SE2d 493) (1979)), it appears in the instant case that the chiropractor's and appellees' " 'wrongs were independent and successive, rather than joint, and this being so, the plaintiff had not one but two separate and distinct causes of action, one against the [appellees for the fall from their trailer] and the other against the [chiropractor] for his alleged malpractice in treating the [back injuries] which [Mrs. Jones] sustained in the [fall.]' " *Knight v. Lowery,* 228 Ga. 452, 455 (185 SE2d 915) (1971), overruled in part on other grounds in *Williams v. Physicians & Surgeons Community Hosp.,* 249 Ga. 588 (292 SE2d 705) (1982).

In an opinion *adopted* as well as affirmed by the Supreme Court, this court has held that "the decision of the Supreme Court [in *Knight,* supra] that the defendants were successive tortfeasors is eminently correct, . . . , because a reasonable basis existed on which damages could be apportioned: the [original tortfeasor] was liable for the initial injury and its subsequent aggravation, but the doctor was liable only for the aggravation caused by his alleged malpractice. Because the damages could be apportioned the defendants were not joint tortfeasors." *Gilson v. Mitchell,* 131 Ga. App. 321, 329 (205 SE2d 421) (1974), adopted and aff'd, 233 Ga. 453 (211 SE2d 744) (1975). "Where the negligent acts do not occur to cause a single injury, and where full satisfaction has not been obtained . . . another suit may lie." *Gilmore v. Fulton-DeKalb Hosp. Auth.,* 132 Ga. App. 879, 882 (209 SE2d 676) (1974). "[T]wo suits, one against the original and one against the aggravating tortfeasor, are not necessarily contradictory or mutually exclusive . . .[Cit.] The suits, in themselves, therefore, do not amount to a double recovery for the same damage . . ., and are not repugnant to Code Ann. § 3-114." *Maxey v. Hospital Authority,* 245 Ga. 480, 481 (265 SE2d 779) (1980), overruled in part on other

grounds in *Williams,* 249 Ga. 588, supra. The evidence not demanding a verdict for appellees on the theory that the release of Mrs. Jones' chiropractor inured to their benefit as joint tortfeasors, it was error to direct a verdict for them.

If it should appear on retrial of the instant case that Mrs. Jones' chiropractor was in fact a successive and not a joint tortfeasor, the issue will become what effect his release has on the appellees, the alleged original tortfeasors. "It is . . . possible to bring an action against an original tortfeasor for personal injury and against a physician for negligent aggravation thereof until full satisfaction is obtained from either or both, or *until a release is obtained which the parties intend to inure to the benefit of both.*" (Emphasis supplied.) *Gilmore,* 132 Ga. App. at 883, supra. "We are in full accord with the view [that] . . . 'it would defy reason to hold the physician liable for injuries caused by the original wrongdoer which were not the consequences of his own carelessness, and no one suggests that a release of the doctor would completely discharge the original wrongdoer.' " *Knight,* 228 Ga. at 455-456, supra. "Where the subsequent tortfeasor is the first one who is sued and released, the release does not affect the liability of the original tortfeasor for the injuries, excluding the damages arising from malpractice." 66 Am Jur 2d, Release, § 39, p. 721. Accordingly, if upon the retrial of the instant case, it is shown that Mrs. Jones' chiropractor was a successive rather than a joint tortfeasor with appellees, no jury issue will be presented with regard to whether appellees are within the coverage of the release. Compare *Williams,* 249 Ga. 588, supra (general release given to the *original* tortfeasor creates factual questions on the issue of whether a successive tortfeasor is covered thereunder).

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 15, 1982.

*John O. Moore, C. Jeffrey Kaufman, Wayne Grant,* for appellants.
*Warner S. Currie, Sherie B. Christy,* for appellees.