76674. WHITE et al. v. FIDELITY NATIONAL BANK et al.
(373 SE2d 640)

McMURRAY, Presiding Judge.

Plaintiffs Phillip White, Jr. and Bertha White brought suit against defendants Fidelity National Bank and James H. Sanders, Jr. seeking actual and punitive damages for the wrongful repossession of a bus which plaintiffs owned. Defendants answered the complaint, denying any liability to plaintiffs. Nearly two months later, defendant Fidelity National Bank filed a counterclaim to recover the principal and interest due on a note which plaintiffs executed in favor of the bank.

Upon the completion of discovery a pre-trial order was entered in the case. The order recited that the jury was to determine the issues

presented in the main claim and the counterclaim. In pertinent part, the order read: "There are no motions or other matters pending for consideration by the court except . . . Motion to Strike the Defendant's Counterclaim." Apparently, the pre-trial order was referring to a proposed motion to strike which plaintiffs filed after the pre-trial order was entered.

The motion to strike attacked the defendant's counterclaim on the ground that, as a compulsory counterclaim, it should have been filed when defendants answered the complaint. Defendant Fidelity National Bank responded to the motion to strike by pointing out that plaintiffs were not prejudiced by the failure to assert the counterclaim promptly. Subsequently, that defendant moved for leave of court to set up an omitted counterclaim by amendment pursuant to OCGA § 9-11-13 (f). In support of that motion, defense counsel submitted an affidavit in which she averred that, interalia, "plaintiffs were aware of defendant's intent to pursue a counterclaim from early in the litigation."

The trial court granted plaintiffs' motion to strike the counterclaim. It also granted leave of court to allow defendant Fidelity National Bank to set up its counterclaim by amendment and the counterclaim was filed once again.

The case proceeded to trial. The trial court directed a verdict for defendant Fidelity National Bank on its counterclaim (in the amount of $64,068.11). The jury returned a verdict for the bank on the counterclaim pursuant to the trial court's direction. It also returned a verdict for plaintiffs (in the amount of $2,600 actual damages and $1.00 punitive damages) on the main claim. Judgment was entered accordingly and plaintiffs moved for a new trial. The motion for a new trial was denied and this appeal followed. *Held*:

1. OCGA § 9-11-13 (f) provides: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." The phrase "when justice so requires" furnishes an independent ground for setting up an omitted counterclaim. Thus, a trial court should grant leave to set up an omitted counterclaim "when justice so requires" even though the other grounds, "oversight, inadvertence, or excusable neglect" are not present. *Kitchens v. Lowe,* 139 Ga. App. 526, 527 (1) (228 SE2d 923). Whether justice requires the grant of leave to set up an omitted counterclaim is a matter which addresses itself to the sound discretion of the trial court. *Unnever v. Stephens,* 142 Ga. App. 787, 788 (2) (236 SE2d 886).

In the case sub judice, plaintiffs knew of the existence of the counterclaim long before leave to set it up was granted. They have not shown how they were prejudiced as a result of the granting of

leave. Accordingly, it cannot be said the trial court abused its discretion in granting leave to set up the omitted counterclaim. *Williams v. Buckley*, 148 Ga. App. 778, 779 (252 SE2d 692); *Blount v. Kicklighter*, 125 Ga. App. 159 (186 SE2d 543).

The mere fact that defendant's motion for leave to set up the omitted counterclaim was not outlined in the pre-trial order is immaterial. The trial court was empowered to modify the pre-trial order in its discretion to "prevent manifest injustice." *Shedd v. Goldsmith Chevrolet*, 178 Ga. App. 554, 555 (1a) (343 SE2d 733).

2. In the midst of the trial, defendants' counsel informed the trial court that certain documents falling within plaintiffs' notice to produce had not been shown to plaintiffs. (Other documents had been shown to plaintiffs before the trial began pursuant to the notice.) Plaintiffs moved for a mistrial and a recess was taken to enable plaintiffs' counsel to review the documents in question. When the trial resumed, the trial court asked whether plaintiffs had been harmed by the tardy production. Plaintiffs' counsel made no specific showing of prejudice; he indicated, however, that he might have examined a previous witness differently if the documents had been produced timely. The trial court ruled that plaintiffs would be able to recall that witness for further examination if they so desired. Plaintiffs declined to recall the witness and the trial court denied plaintiffs' motion for mistrial.

In their second enumeration of error, plaintiffs contend the trial court erred in refusing to grant the motion for mistrial. This contention is without merit. In the absence of a showing of prejudicial harm, the denial of plaintiffs' motion for mistrial cannot be deemed erroneous. See generally *Murray v. Stratford*, 181 Ga. App. 592, 593 (353 SE2d 85).

3. Plaintiffs contend the trial court erred in refusing to allow evidence of similar transactions wherein defendant Fidelity National Bank repossessed other vehicles which collateralized loans. A partial transcript has been included in the record on appeal. It contains a proffer of the similar transaction evidence. The partial transcript does not contain, however, any evidence pertaining to the underlying action. We cannot determine, therefore, whether or not the trial court abused its discretion in disallowing the similar transaction evidence. Simply put, we have no way of knowing whether the proffered evidence was similar to the transaction in the case sub judice.

4. Plaintiffs have filed a "Motion to Remand to Trial Court in Light of Newly Discovered Evidence" in this court. We see no need to consider such a motion which, in essence, amounts to an extraordinary motion for new trial. See OCGA § 5-5-41. See also *Bivins v. McDonald*, 50 Ga. App. 299 (177 SE 829). The motion is denied.

5. The defendants' motion to assess damages for a frivolous ap-

peal is denied. See *Almond v. Bentley Gray, Inc.*, 138 Ga. App. 508 (2) (226 SE2d 776).

Judgment affirmed. *Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 9, 1988 —
REHEARING DENIED SEPTEMBER 23, 1988

*Louis Levenson*, for appellants.
*Pierre Howard, Jr., James J. Brissette*, for appellees.