A90A1015. MARTIN & JONES PRODUCE, INC. v. LUNDY.
(397 SE2d 461)

BIRDSONG, Judge.

Martin & Jones Produce, Inc. ("Martin & Jones") appeals from the grant of summary judgment to Nell W. Lundy on Martin & Jones' third-party claim against her for indemnification. Martin & Jones also asserts as error the trial court's denial of its motion for summary judgment on its claim against Lundy and the denial of its motion to dismiss Lundy's abusive litigation counterclaim.

The underlying claim was brought against Martin & Jones by a bank to collect on a check signed by Lundy on Martin & Jones' account at a time when she was Martin & Jones' sole stockholder. Although some bank error was involved, the complaint alleges that there were insufficient funds in the account to pay the check at the time Lundy signed it and at all times thereafter.

Martin & Jones answered the complaint and filed a third-party complaint against Lundy which contended that she was liable on the claim under the hold harmless and indemnification provisions of a contract of purchase in which Lundy sold all of her stock in Martin & Jones to Max Nisson. Lundy answered and filed a fourth-party complaint against Nisson. After her fourth-party complaint was dismissed, Lundy, without leave of court, filed an abusive litigation counterclaim against Martin & Jones.

Subsequently, Martin & Jones moved to dismiss Lundy's counterclaim because it was filed without leave of court and moved for summary judgment on liability on its third-party claim against Lundy. After Lundy moved for summary judgment on liability on the third-party claim, the trial court granted Lundy's motion for summary judgment, and denied both of Martin & Jones' motions. The trial court based its denial of Martin & Jones' motion for summary judgment on paragraphs in the purchase agreement providing that Lundy would hold harmless and indemnify Nisson, without mention of Martin & Jones. Martin & Jones now appeals. *Held*:

1. For Martin & Jones to enforce the hold harmless and indemnification provisions of the contract between Nisson and Lundy, "it must clearly appear from the contract that it was intended for [its] benefit." *Backus v. Chilivis*, 236 Ga. 500, 502 (224 SE2d 370). Moreover, "[t]he beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract" (OCGA § 9-2-20 (b)), and a third-party complaint seeking in-

demnification may be used for that purpose. *Central of Ga. R. Co. v. Lester*, 118 Ga. App. 794, 800 (165 SE2d 587).

Although the trial court correctly notes that this contract was one between Lundy and Nisson transferring all the stock in Martin & Jones, and that in paragraphs 6 and 12 of the contract Lundy promised to indemnify and hold harmless only Nisson and not Martin & Jones, the inquiry does not end. Paragraph 4.0 (assumption of liabilities) of the contract provides that other than debts for certain vehicles and certain liabilities to be listed and assumed by Lundy and certain contingent liabilities which were also to be listed and assumed by Lundy, Martin & Jones had no liabilities. This paragraph also provides that, with the exception of the listed liabilities and that on the vehicles, "the [c]ompany shall have no liability as of the closing. . . ."

Further, paragraph 4.1 also acknowledges Martin & Jones' contingent liabilities and involvement in certain litigation and provides that Lundy would at closing assume all existing contingent liabilities and would "*indemnify* [Martin and Jones] and [Nisson] for all loss, cost, and expense associated" with the contingent liabilities and litigation. Because of Lundy's explicit promise to indemnify Martin & Jones for all loss, cost, and expense associated with the contingent liabilities and litigation, we find that it clearly appears from the contract that Martin & Jones was intended to benefit from the contract and, therefore, Martin & Jones could enforce a claim under this provision of the contract against Lundy. OCGA § 9-2-20 (b); *Backus v. Chilivis*, supra.

Since the bank's claim existed prior to the contract of purchase and sale, it would appear the claim would fall under the provisions of paragraph 4.1, but nothing in the record proves that this claim, in fact, was encompassed within that paragraph. Therefore, while it was error for the trial court to grant summary judgment to Lundy on this claim, it was not error to deny Martin & Jones' motion for summary judgment because it failed to establish its entitlement to judgment on this claim as a matter of law. See OCGA § 9-11-56 (c) and (d).

2. Although Martin & Jones is correct that OCGA § 9-11-13 (f) provides that leave of court is necessary before a pleader may set up an omitted counterclaim, permitting such a counterclaim is within the discretion of the trial court (*White v. Fidelity Nat. Bank*, 188 Ga. App. 539, 540 (373 SE2d 640)), and the court should be liberal in allowing such claims where no prejudice would result. *White v. Fidelity Nat. Bank*, supra; *Blount v. Kicklighter*, 125 Ga. App. 159, 161 (186 SE2d 543). Therefore, under the facts of this case, the trial court did not err by denying Martin & Jones' motion to dismiss the omitted counterclaim, and in effect, granting its permission to amend Lundy's counterclaim.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 5, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990 —

*John G. Haubenreich*, for appellant.
*Edwin K. Palmer, John L. Watson, Jr.*, for appellee.