S95A0438. MOATE v. MOATE.
(456 SE2d 502)

SEARS, Justice.

The appellant, Claudia Moate, initiated this action by filing a complaint for divorce against the appellee, Roy Moate, in which she sought a divorce, alimony, and property division. Mr. Moate counterclaimed, seeking a divorce and property division. After dismissing Ms. Moate's complaint without prejudice for failure to prosecute, see

OCGA § 9-11-41 (b), the trial court heard evidence on Mr. Moate's counterclaim, awarded him certain real property, and granted a total divorce. The court also ruled that neither party was entitled to alimony.

We granted Ms. Moate's application for discretionary appeal to consider two questions. One is whether the dismissal of Ms. Moate's claim for alimony, coupled with the fact that Mr. Moate did not pray for alimony in his counterclaim, meant that the issue of alimony was not properly before the trial court and deprived it of authority to rule on the issue in the final judgment. The other issue concerns whether, if the trial court did not have the authority to rule on the alimony issue, thus leaving that claim outstanding, the trial court's grant of a divorce violated USCR 24.7,[1] in that the trial court granted a divorce without a resolution of all the contestable issues between the parties.

We conclude that we need not resolve whether the trial court had the authority to rule that neither party was entitled to alimony, as even assuming the trial court did not have that authority, any error in the trial court's ruling on alimony is harmless because the trial court's judgment on Mr. Moate's counterclaim bars Ms. Moate from raising any future claim for alimony under the doctrine of res judicata.[2] In this regard, Mr. Moate's counterclaim remained pending for trial and judgment even though the trial court had dismissed the complaint without prejudice. See *Wilson v. Williams Bros.*, 193 Ga. App. 371 (387 SE2d 639) (1989); *Weems v. Weems*, 225 Ga. 19 (165 SE2d 733) (1969); *Young v. Jones*, 140 Ga. App. 66 (2) (230 SE2d 32) (1976). Further, although a dismissal without prejudice will not, standing alone, carry any res judicata effect, the entry of a judgment on a counterclaim asserted in that action does have res judicata effect. See OCGA § 9-12-40. In this case, the judgment on Mr. Moate's counterclaim meets the requirements for barring a future claim for alimony by Ms. Moate. See *Fowler v. Vineyard*, 261 Ga. 454 (1) (405 SE2d 678) (1991); OCGA § 9-12-40. Accordingly, even assuming that the trial court had no authority to rule on the issue of alimony, Ms. Moate was not harmed by the court's ruling.

Further, as the res judicata effect of the judgment effectively disposed of all contestable issues between the parties, the trial court's

---

[1] USCR 24.7 provides that
[a]lthough the court may, in appropriate cases, grant judgment on the pleadings or summary judgment that the moving party is entitled to a divorce as a matter of law, no divorce decree shall be granted unless all contestable issues in the case have been finally resolved.
See *Edwards v. Edwards*, 260 Ga. 440 (396 SE2d 236) (1990).

[2] We need not address whether the trial court's error in ruling on alimony (again, assuming the ruling was error) would have been harmless if the trial court had awarded alimony to Mr. Moate.

grant of a divorce did not violate USCR 24.7.

*Judgment affirmed. All the Justices concur. Thompson, J., disqualified.*

DECIDED MAY 8, 1995 —
RECONSIDERATION DENIED MAY 26, 1995.

*H. Robert Ronick,* for appellant.
*Groover & Childs, Sara E. Roberts,* for appellee.