491 S.E.2d 383 (1997)
228 Ga. App. 172
AYCOCK et al.
v.
CALK et al.
No. A97A1678.
Court of Appeals of Georgia.
August 4, 1997.
Reconsideration Denied August 18, 1997.
Certiorari Denied January 5, 1998.
*384 Walter Aycock, pro se.
Joan Aycock, pro se.
John L. Welsh II, Lawrenceville, for appellees.
ELDRIDGE, Judge.
Arising from an on going problem between neighbors is this appeal from the grant of appellees' motion for summary judgment on the ground that appellants' complaint should have been pled as a compulsory counterclaim to a case that had been previously adjudicated adversely to appellants, Laura Day Calk v. Walter Aycock and Joan Aycock, Case No. 94-6451-4, DeKalb Superior Court. Appellee Thomas Calk was not a party to that previous action.
While Calk v. Aycock, Case No. 94-6451-4, was pending, appellants, Walter Aycock and Joan Aycock, filed the instant complaint, Aycock v. Calk, Case No. 94-7257-4, DeKalb Superior Court, against Laura Calk and Thomas Calk, appellees, which case arose out of the identical facts and circumstances as Calk v. Aycock, except that Thomas Calk was a named party to this action. Further, this case alleged that appellees are joint tortfeasors, as well as the alleged independent tortious acts of appellees. The Calks filed an *385 answer and a counterclaim to appellants' complaint.
An adverse judgment in Calk v. Aycock, supra, was filed on April 21, 1995, and was not appealed by appellants. Thereafter, the appellants, the Aycocks, moved that the Calks' counterclaim filed in Aycock v. Calk be dismissed as barred by the doctrine of res judicata, even though Thomas Calk had not been a party to any previous action and was not subject to res judicata. The trial court granted such motion, not only as to Laura Calk, but also as to Thomas Calk, and sua sponte dismissed the Aycocks' complaint, as well, on the same grounds.
In dismissing the appellants' complaint, the trial court went outside the record, making such action a grant of summary judgment under OCGA § 9-11-56, but without giving notice that it would be an adjudication on the merits. This Court, in Aycock v. Calk, 222 Ga.App. 763, 476 S.E.2d 274 (1996), reversed the judgment of the trial court on procedural grounds that the trial court had not afforded appellants adequate time to oppose the motion in that "[w]hile the record as it stands may support the trial judge's ruling, it also shows that the Aycocks were not notified that the trial court intended to rule upon the merits of their claim and that they were not provided a full and final opportunity to respond to the court's sua sponte review." Id. at 764, 476 S.E.2d 274.
Now the case sub judice is back after appellees moved for summary judgment on appellants' complaint, appellants received an opportunity to respond, and the trial court granted summary judgment based upon res judicata, collateral estoppel, and compulsory counterclaim as to the Aycocks. The order granting summary judgment was entered on February 10, 1997, on such grounds. Appellants filed their notice of appeal on March 10, 1997.
Appellants' pro se pleadings and statement of facts in the brief make admissions in judicio that the two actions did in fact arise from the same transactions and occurrences as the prior action, but seek to avoid the consequences by making the following arguments: (1) that the prior trial judge did not tell them that they had a right to appeal the adverse judgment; (2) that they had ineffective assistance of counsel in the prior civil action; (3) that the prior trial, from which no appeal was made, was not fair; (4) that the current trial judge was not a resident of DeKalb County; (5) that since one appellant prevailed in the prior action, then she should be able to sue now; and (6) that, under OCGA § 9-11-13(f), justice requires that appellants should be allowed to assert in this action the counterclaim which should have been filed in the prior action, was not due to "oversight, inadvertence, or excusable neglect." Held:
Although appellants set forth various strategic reasons that they contend demonstrate that the trial court erred in granting summary judgment against them, the principles of res judicata, collateral estoppel, and compulsory counterclaim are dispositive of the case sub judice. Based upon these principles, we agree in part and disagree in part that the trial court erred and, accordingly, affirm in part and reverse in part.
OCGA § 24-3-30 provides that, without offering the pleadings of the opposite party into evidence, a party may use such pleadings as admissions in solemn judicio. See East Tenn., etc., G. R. Co. v. Kane, 92 Ga. 187, 18 S.E. 18 (1893); Carver v. Saye, 198 Ga.App. 146, 147(1), 400 S.E.2d 683 (1990); Greene v. Gulf Oil Corp., 119 Ga.App. 87, 89, 166 S.E.2d 626 (1969). What a party admits to be true in his pleadings, he is not permitted subsequently to deny. State Hwy. Dept. v. Lumpkin, 222 Ga. 727, 152 S.E.2d 557 (1966), rev'd on other grounds, Dept. of Transp. v. Hardin, 231 Ga. 359, 361, 201 S.E.2d 441 (1973). When admissions in judicio conflict with evidence on the merits, the trial court, on summary judgment, can either treat such evidence as amending the pleadings or not allow the conflicting evidence to be admitted so that the admission in judicio governs until formally withdrawn by amendment. Walker v. Jack Eckerd Corp., 209 Ga.App. 517, 434 S.E.2d 63 (1993). Where admissions in judicio have not been expressly withdrawn, the party is bound by such admissions; even if withdrawn, such pleadings may still be treated as admissions, but the party making such admissions is now allowed to tender conflicting evidence. Florida Yellow *386 Pine Co. v. Flint River Naval Stores Co., 140 Ga. 321 322(2), 78 S.E. 900 (1913); Strozier v. Simmons U.S.A. Corp., 192 Ga.App. 601, 385 S.E.2d 677 (1989); Watkins v. Price Mercantile Co., 45 Ga.App. 272, 164 S.E. 231 (1932); Clift & Goodrich, Inc. v. Mincey Mfg. Co., 41 Ga.App. 38, 39(1), 152 S.E. 136 (1930). The rule as to admissions in judicio applies only to admissions of fact and does not apply to opinions or conclusions. Walker v. Jack Eckerd Corp., supra at 518, 434 S.E.2d 63; Ellerbee v. Interstate Contract Carrier Corp., 183 Ga.App. 828, 829(2), 360 S.E.2d 280 (1987); Clift & Goodrich v. Mincey Mfg. Co., supra. The Civil Practice Act does not alter the effect of admissions in judicio, even though it permits alternative pleadings; such pleadings must be used with caution at the pleader's risk. Ditch v. Royal Indem. Co., 205 Ga.App. 478, 422 S.E.2d 868 (1992); Martin v. Pierce, 140 Ga.App. 897, 898-899(1), 232 S.E.2d 170 (1977). An admission in judicio can be used on a motion for summary judgment. Walker v. Jack Eckerd Corp., supra at 518, 434 S.E.2d 63.
In the case sub judice, the record shows sufficient evidence under Lau's Corp. v. Haskins, 261 Ga. 491, 495(4), 405 S.E.2d 474 (1991), to pierce appellants' pleadings by demonstrating the existence of a prior final judgment against appellants arising out of the same facts and occurrences. Appellants, instead of presenting evidence that shows the existence of material fact for jury determination, made admissions in their pleadings which show that the case sub judice arose from the same facts and circumstances as the former adjudication as to Laura Calk only.
OCGA § 9-11-13(a) provides that, "if [a claim] arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," such claim must be asserted as a compulsory counterclaim. Tenneco Oil Co. v. Templin, 201 Ga.App. 30, 31(1), 410 S.E.2d 154 (1991); Goss & Goss Dev. Co. v. First Union Nat. Bank of Ga., 196 Ga.App. 436, 437(1), 396 S.E.2d 19 (1990). "Same transaction or occurrence" has been broadly and realistically interpreted by the appellate courts to mean whether or not there exists a logical relationship between the respective claims of the parties. P & J Truck Lines v. Canal Ins. Co., 148 Ga.App. 3, 251 S.E.2d 72 (1978); Harbin Lumber Co. v. Fowler, 137 Ga.App. 90, 222 S.E.2d 878 (1975); Myers v. United Svcs. Auto. Assn., 130 Ga.App. 357, 203 S.E.2d 304 (1973). While appellants in the prior action had a compulsory counterclaim against Laura Calk, which they asserted instead as an independent action against both Laura Calk and Thomas Calk, under OCGA § 9-11-13(f) the Aycocks had the right in the prior action to seek the trial court's exercise of discretion to amend their answer in order to assert the compulsory counterclaim against Laura Calk and, thereafter, to ask leave to join Thomas Calk as an additional party in the counterclaim. See OCGA § 9-11-13(a), (h); Conerly v. First Nat. Bank of Baldwin County, 209 Ga.App. 601, 603-604(3), 434 S.E.2d 143 (1993); Martin & Jones Produce v. Lundy, 197 Ga.App. 38, 39(2), 397 S.E.2d 461 (1990); White v. Fidelity Nat. Bank, 188 Ga.App. 539, 540-541(1), 373 S.E.2d 640 (1988); Carvel Corp. v. Rabey, 140 Ga.App. 205, 230 S.E.2d 355 (1976).
However, the trial court had the discretion to deny joinder of Thomas Calk, a joint tortfeasor and/or an independent tortfeasor, as a party who "is required for the granting of complete relief in the determination of a counterclaim," because such action against a non-party tortfeasor could be maintained separately and because joint tortfeasor is not a party required for complete relief. OCGA § 9-11-13(h); McCabe v. Lundell, 199 Ga.App. 639, 641(2), 405 S.E.2d 693 (1991).
Having failed to assert the compulsory counterclaim in the prior action either in their answer or by properly amended answer with leave of the trial court, appellants lost such claim and are now forever barred from asserting such claim against Laura Calk as a matter of res judicata. Appellants should have litigated such interrelated issues when they had the opportunity so that there could be judicial finality between the parties and their privies. OCGA §§ 9-11-13(a), (f); 9-12-40; 9-12-42; Best v. Ga. Power Co., 224 Ga. 669, 164 S.E.2d 125 (1968); Brittany Apts. v. Chapman, 141 Ga.App. 168, 233 S.E.2d 27 (1977); Kitchens v. Lowe, 139 Ga.App. 526, 527-529(1), 228 S.E.2d 923 (1976); *387 Harbin Lumber Co. v. Fowler, supra at 92-93, 222 S.E.2d 878; Myers v. United Svcs. Auto. Assn., supra at 361, 203 S.E.2d 304.
To determine whether or not res judicata bars a subsequent action, the appellate court must consider: "(a) whether there is a valid antecedent judgment; (b) whether there is identity of parties; (c) whether there is identity of issues; and (d) whether reasons of public policy militate against a strict application of [OCGA § 9-12-40] in this case." Fierer v. Ashe, 147 Ga.App. 446, 448, 249 S.E.2d 270 (1978). While Thomas Calk was not a party to the prior action under a properly brought compulsory counterclaim, he could have been made an additional defendant in the counterclaim by court order upon motion by appellants. However, Thomas Calk was never made a party to the prior action, so that there was no adjudication on the merits in a prior proceeding regarding him. See OCGA §§ 9-11-13(h); 9-11-19; 9-11-21.
OCGA § 9-12-42 provides that "[f]or a former judgment to be a bar to subsequent action, the merits of the case must have been adjudicated." Appellants' action against Laura Calk is barred by res judicata, because there was a unity of parties and issues controlled by a prior adjudication on the merits by a court of competent jurisdiction. Moate v. Moate, 265 Ga. 418, 419, 456 S.E.2d 502 (1995); Gilmer v. Porterfield, 233 Ga. 671, 674(2), 212 S.E.2d 842 (1975). A prior judgment is conclusive between the same parties as to all matters put in issue or which could have been put in issue in the prior case. Transamerica Ins. Co. v. Thrift-Mart, 159 Ga.App. 874, 285 S.E.2d 566 (1981). A husband and wife are not privies for purpose of res judicata. Russ Transp. v. Jones, 104 Ga.App. 612, 613-614, 122 S.E.2d 282 (1961); Blakewood v. Yellow Cab Co. of Savannah, 61 Ga.App. 149, hn. 4, 150-151, 6 S.E.2d 126 (1939). Joint tortfeasors are not privies unless such privity is reciprocal, so that an adjudication on the merits binds the non-party as well. Gilmer v. Porterfield, supra at 674, 212 S.E.2d 842; Walka Mountain Camp, etc. v. Hartford Accident & Indem. Co., 222 Ga. 249, 251-252, 149 S.E.2d 365 (1966). Collateral estoppel or estoppel by judgment also requires the same identity of parties, so that such doctrines have no application to Thomas Calk, a non-party to the prior action. See Norris v. Atlanta & West Point R. Co., 254 Ga. 684, 686, 333 S.E.2d 835 (1985); Pinkard v. Morris, 215 Ga.App. 297, 450 S.E.2d 330 (1994).
Where the parties to the prior action are the same but the issues or claims differ, estoppel by judgment will bar the relitigation of the same facts with different claims, so that appellants cannot proceed against Laura Calk. Powell v. Powell, 200 Ga. 379, 37 S.E.2d 191 (1946); Sumner v. Sumner, 186 Ga. 390, 197 S.E. 833 (1938); Usher v. Johnson, 157 Ga.App. 420, 278 S.E.2d 70 (1981); Price v. Winn, 142 Ga.App. 790, 237 S.E.2d 409 (1977). Since Thomas Calk was not a party to the prior judgment, then estoppel by judgment does not apply to bar an action against him.
Therefore, the action against Laura Calk is barred under res judicata and collateral estoppel, and summary judgment is affirmed; the action against Thomas Calk, a non-party to the prior action, is not barred and the judgment is reversed.
Judgment affirmed in part and reversed in part.
RUFFIN, J., and HAROLD R. BANKE, Senior Appellate Judge, concur.